UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS GOMEZ-ECHEVERRIA, et al.,

    Plaintiffs/Counter-Defendants,

v.

PURPOSE POINT HARVESTING, LLC, et al.,

    Defendants/Counter-Claimants.

_____/

Case No. 1:22-cv-314

HON. JANE M. BECKERING

# TRIAL CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Trial Date and Time<br><br>Place:    601 Federal Bldg, 110 Michigan St NW<br>           Grand Rapids, MI 49503<br>Before:  Jane M. Beckering<br>**Counsel and the parties shall be present in the courtroom at 8:30 a.m. to address any preliminary matters.** | MAY 28, 2025<br>9:00 AM |
| Jury or Non Jury | Jury |
| Estimated Length of Trial | 7 Days |
| Motions in Limine | SEPTEMBER 20, 2024 |
| Responses | OCTOBER 4, 2024 |
| Settlement Conference                    Date<br>Time<br>Before | JANUARY 7, 2025<br>1:30 PM<br>Hon. Ray Kent |
| Final Pretrial Conference                 Date:<br>Before Judge Jane M. Beckering         Time | APRIL 22, 2025<br>2:30 PM |

1.    TRIAL DATE AND SETTING: This case is scheduled for trial before the Honorable Jane M. Beckering, 601 Federal Building, 110 Michigan St NW, Grand Rapids, Michigan, as set forth above.

2.    MOTIONS:

    a.    Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3. They may be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of non-dispositive motions, including motions in limine, unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    b.    Motions in limine and responses must be filed by the dates set forth in the table above.

3. SETTLEMENT CONFERENCE: The parties are under an ongoing obligation to engage in good faith settlement negotiations. A settlement conference has been scheduled before **Magistrate Judge Ray Kent, U.S. District Court, 584 Federal Building, 110 Michigan St NW, Grand Rapids, Michigan**, as set forth above.

   a. Persons Required to Attend. All parties and the attorneys who are to conduct the trial shall attend the settlement conference in person unless specifically excused by written motion and order (or otherwise directed) by the Court. W.D. Mich. LCivR 16.6. Where the party is not a natural person, a representative of the party with full settlement authority must attend. The person with settlement authority must come with authority to accept, without further contact with another person, the settlement demand of the opposing parties. In addition, where a party is insured, a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand shall also attend.

   b. Settlement Letter to Opposing Party. A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, **at least fourteen (14) days** prior to the settlement conference, plaintiffs shall submit a written itemization of damages and settlement demand to defense counsel with a brief explanation of why such a settlement is appropriate. **No later than seven (7) days** prior to the settlement conference, defense counsel shall submit a written offer to plaintiffs with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, defense counsel shall deliver or e-mail copies of these letters to chambers **no later than three (3) business days** before the conference. Letters should be mailed, hand delivered, or e-mailed to kentmediation@miwd.uscourts.gov. Do not file copies of these letters in the Clerk's Office.

   c. Confidential Settlement Letter to Court. In addition, **three (3) business days** before the conference, each party or their attorney shall submit to the chambers of Judge Ray Kent a confidential letter concerning settlement. Letters should be mailed, hand delivered, or e-mailed to kentmediation@miwd.uscourts.gov. A copy of this letter need not be provided to any other party. Do not file a copy of this letter in the Clerk's Office. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certificate on that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses; (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement. Plaintiffs shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

4. FINAL PRETRIAL CONFERENCE: A final pretrial conference is scheduled before the Honorable Jane M. Beckering, 601 Federal Building, 110 Michigan St NW, Grand Rapids, Michigan, as set forth above.

5. PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) days** prior to the final pretrial conference in the following form:

A final pretrial conference was held on the ___ day of _____. Appearing for the parties as counsel were:

(List the counsel who will attend the pretrial conference.)

1. Exhibits: The following exhibits will be offered by the plaintiffs and the defendants:

    (List jointly [JT EX __] all exhibits, including demonstrative evidence and summaries of other evidence. Exhibits expected to be used solely for impeachment purposes need not be identified until trial. The exhibits shall be identified on a form similar to Attachment 1, attached to these Guidelines. The complete list of exhibits on a form similar to Attachment 1 must be produced at the final pretrial conference. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Plaintiffs shall use numbers [1-99]; defendants shall use letters [A-Z]. Where the parties are unable to agree on the inclusion of an exhibit, indicate with respect to each exhibit whether and for what reason its admissibility is contested. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. See Fed. R. Civ. P. 26(a)(3).)

2. Uncontroverted Facts: The parties have agreed that the following may be accepted as established facts:

    (State in detail all uncontroverted facts.)

3. Controverted Facts and Unresolved Issues: The factual issues remaining to be determined and issues of law for the Court's determination are:

    (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. Witnesses:

    a. Non-expert witnesses to be called by the plaintiffs and defendants, except those who may be called for impeachment purposes only, are:

        (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

    b. Expert witnesses to be called by the plaintiffs and the defendants, except those who may be called for impeachment purposes only, are:

        (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific, technical, or medical field(s) in which they are offered as experts. Indicate whether

they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

      c.      It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing parties object. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. <u>Depositions and Other Discovery Documents</u>:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiffs and the defendants are:

(Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiffs' case; _____ days for defendants' case; _____ days for other parties. In the event the Court imposes limits prior to the final pretrial conference, the parties' proposed pretrial order must include those limits.

7. <u>Prospects of Settlement</u>: The current status of settlement negotiations is:

(Indicate persons present during negotiations, progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order shall be signed by all counsel, signifying their acceptance. Upon approval by the Court, with such additions, deletions, or modifications as are necessary, the Final Pretrial Order will be entered.

6. <u>SUBMISSIONS BEFORE THE FINAL PRETRIAL CONFERENCE</u>: At least **seven (7) days** prior to the final pretrial conference, counsel shall file:

    a.    Trial briefs.

    b.    A joint statement of the case and statement of the elements of the claims. Unless the case is very complex, the joint statement of the case should not exceed one paragraph. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The purpose of the joint statement of the case is to summarize the nature of the case. [In a jury trial, the statement(s) of the case will be read to prospective jurors during jury selection. The elements of the claims will be included in the preliminary jury instructions.]

    c.    Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall

not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

    d.    At least **seven (7) days prior to the final pretrial conference**, counsel shall provide to the Court hard copies of any exhibits to which objections have been made.

7. MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including facilitating the admission of evidence; consider the prospects of settlement; and consider such other matters as may aid in the trial or other disposition of the action, including:

    a.    Jury Selection Procedure, and

    b.    Jury Instructions.

Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects, or shall be accompanied by a representative of the party with such authority.

8. PREPARATION FOR TRIAL: The parties shall **jointly** file by means of the Court's CM/ECF system the following not later than **seven (7) days** prior to the trial:

    a.    Joint proposed jury instructions. The parties shall electronically file one joint set of instructions and shall make every reasonable effort to agree on the substantive instructions stating the elements of the claims and defenses. This court uses Western District of Michigan's Standardized Civil Jury Instructions for the preliminary and final instructions. A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov).[1] The court generally uses O'Mally, Grenig, & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set. All instructions, including those to which there is an objection, shall be filed as one document. Each instruction shall be submitted in full text, one instruction per page, and in the order to be read to the jury. Indicate those instructions with outstanding objections. No instruction submitted shall contain highlighting or blanks. If the language of a standardized instruction is modified, or an additional (non-standard) instruction submitted, the source of the additional language or instruction must be indicated. Objections to opposing counsel's proposed instructions, will be specified with a summary of the reasons for each objection including a citation to relevant legal authority.

        1.    Each instruction shall be submitted in full text, one instruction per page, in the order in which you propose they be given to the jury.

        2.    For standard instructions with blanks or language in brackets, fill in the blanks and modify or delete the language, as applicable.

---

[1] The instructions can be located through the Attorney Information link or through the Electronic Filing section. If accessing through the Electronic Filing section, you will need to use your E-Filing Login and Password. Once you have logged into the electronic filing section of the website, click Utilities, then select WDMI Attorney References and you will see the link to the Standard Civil Jury Instructions.

3. If you would like to change language on a standardized instruction, or submit additional instructions, you must indicate the source of the additional language or instruction.

4. Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons and legal authority for each objection. Place each objection at the bottom of the specific instruction page. The parties must make every reasonable effort to agree on the substantive instructions stating the elements of the claim.

b. Joint proposed jury verdict form(s).

Counsel are required to submit a copy of the joint statement of the case and statement of the elements, joint proposed jury instructions, joint proposed verdict form(s), exhibit lists, and witness lists in an editable word processing format to Judge Beckering's Judicial Assistant, Lauren Packard at Lauren_Packard@miwd.uscourts.gov and Case Manager, Rick Wolters at Rick_Wolters@miwd.uscourts.gov.

**Counsel and the parties shall comply with the current version of the undersigned's Information and Guidelines for Civil Practice** (available on the court's website).

Dated: August 21, 2024 /s/ Jane M. Beckering
JANE M. BECKERING
UNITED STATES DISTRICT JUDGE