# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
## Southern Division

| | |
|---|---|
| Luis Gomez-Echeverria et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> Purpose Point Harvesting LLC et al., <br><br> *Defendants*. | Case No. 1:22-cv-00314 <br><br> Hon. Jane M. Beckering |

## JOINT PRE-TRIAL NOTICE

### I. EFFORTS TO OBTAIN VISAS

**A. Plaintiffs' Visa Efforts to Date:** Immigration attorney Richard Kessler was retained as soon as the trial date became certain, as that date is necessary for the application of visas. Due to changes under the new administration, B-1/B-2 visa interview appointments are now taking significantly longer—often up to nine months or more. Plaintiffs are waiting for their appointment dates. Immigration counsel, Richard Kessler, is currently contacting the U.S. Consulate in Guatemala to request expedited interviews, given the urgency of this case. However, with heightened vetting procedures and major staffing changes, timely visa approval still remains uncertain.

The only other option available for Plaintiffs is a "Humanitarian Parole" visa, which can be requested from within the U.S. under exceptional circumstances. This option requires a formal denial of the B-1/B-2 visa, which in turn depends on completing an in-person consular interview.

**B. Status of Immigration-Related Efforts:** Plaintiffs expect to have more information within the next 30 days and are also receiving assistance from the U.S. Congressional Liaison Office to help expedite the process.

**C. Safeguards To be Implemented:** Plaintiffs intend to utilize the services of Justice in Motion, a nonprofit organization that Migrant Legal Aid (MLA) has partnered with in this case and in prior matters. Justice in Motion connects reputable attorneys in foreign countries to facilitate legal services, such as coordinating remote testimony via Zoom. During discovery, MLA used Justice in Motion to depose the Guatemalan Plaintiffs without issue and plans to work

1

again with Marco López Maldonado, a licensed attorney based in San Marcos, Guatemala, or another suitable attorney if Mr. Maldonado becomes unavailable. Mr. López Maldonado, who previously assisted with the depositions, is fluent in Spanish and operates an established law office in the city.

The Plaintiffs will use Mr. López Maldonado's office and equipment—including a computer and television—for attending trial and providing remote testimony. Mr. López Maldonado is experienced with Zoom and will perform daily equipment checks to ensure everything functions properly. All parties understand that the Zoom hearing is an extension of the courtroom, and appropriate conduct will be observed. Attorneys will ensure all exhibits are either pre-downloaded or provided as hard copies in advance, depending on what is most suitable, to prevent confusion, delays, or technical issues during the hearing.

Additionally, if Plaintiffs testify via video, Defendants will have a representative—likely a Guatemalan legal representative—physically present in the room with Plaintiffs while they testify. This representative will verify identity of the witness and ensure no outside influences on the witness's testimony.

**Accurate Witness Identification:** To accurately identify a witness remotely, the witness will hold a photo ID up to the camera at the start of their testimony for real-time verification by counsel or the Court. Witnesses will also state their full name, current location, who is in the room with them presently, and connection to the case on the record.

**Outside Influences and Remote Testimony:** Plaintiffs will not be influenced by anyone who may be present with them during their testimony. Plaintiffs' counsel and local Guatemalan counsel will ensure that only the Plaintiffs and any third parties necessary to the proceeding are present. All parties will be briefed on this issue before trial to ensure that Plaintiffs are able to testify freely, and truthfully.

**Ensuring Accurate Testimony:** To ensure accurate testimony, Plaintiffs will be briefed on the importance of giving verbal responses instead of visual cues, speaking clearly and at a controlled pace and pausing when appropriate for the interpreter. The local Guatemalan counsel will be present, the interpreters will be SCAO approved and court certified.

II. **INTERPRETER SERVICES**

    **A.** All Plaintiffs are Spanish speaking, so interpretation services will be necessary for both Plaintiffs' and Defendants' counsel throughout trial, with costs split between the parties. The parties plan to use Accurate Interpreters LLC, a reputable interpretation service based in Grand Rapids or in the alternative if Accurate Interpreters becomes unavailable, Donna Bos. Specifically, they plan to use either or both Tamara Brubaker and/or Eduardo Romero, who are both SCAO and court certified Spanish. The alternate

interpreter, Donna Bos is also SCAO and court certified. Interpreters will take an oath of affirmation to make a true interpretation to the best of their ability according to Rule 43(d) and Fed. R. Evid. 604 and MCR 1.111(G).

**B**. To the extent that any witnesses testify remotely through interpreters, the process will follow the same protocol as in-person interpreted testimony. Counsel will ask the question in English, the interpreter will verbally interpret it into Spanish, the witness will respond verbally in Spanish, and the interpreter will then provide accurate English interpretation of the response. To facilitate smoothness, accurate questions will be asked in the simplest terms appropriate for the education levels of each witness.

Dated: April 9, 2025                        Respectfully submitted,

*/s/ Kenya K. Davis*
Kenya K. Davis (D.C. Bar No: 502305)
(Admitted to Practice in the Western District of Michigan)
Boies Schiller Flexner LLP
Attorneys for Plaintiffs

*/s/ Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Avanti Law Group, PLLC
Attorneys for Defendants