## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
### Southern Division

Luis Gomez-Echeverria et al.,

*Plaintiffs*,

v.

Purpose Point Harvesting LLC et al.,

*Defendants*.

Case No. 1:22-cv-00314

Hon. Jane M. Beckering

## FINAL PRETRIAL ORDER

A final pretrial conference was held on the 22nd day of April 2025. Appearing for the parties as counsel were:

Plaintiffs' Counsel:  Kenya Davis, Teresa Hendricks, Molly Spaak, Benjamin Solomon-Schwartz, Jessica Mugler, and Suleman Masood

Defendants' Counsel:  Robert Anthony Alvarez Sr., Victor Jimenez, Kateri Dahl

1.  **Exhibits:**  The following exhibits will be offered by the plaintiffs and the defendants: *See* Attachment A.

Plaintiffs' Objections to Defendants' Exhibits:

Plaintiffs object to Defendants' inclusion of "Plaintiff's Original Complaint" and "Plaintiff's Amended Complaint- Class Action w/ Exhibits A-F" on their exhibit list, as Plaintiffs' Second Amended Complaint, ECF No. 56, is the operative complaint in this matter. Plaintiffs' previously-filed complaints are not operative pleadings and thus not relevant and more prejudicial than probative.

Defendants' Objections to Plaintiffs' Exhibits:

Defendants object to the following exhibits:

- JTX 0004 (Luis Gomez-Echeverria's H2A Passport Sticker April 2019)
- JTX 0021-A and 0021-B (Video - Luis Gomez-Echeverria's Describing His Experiences at PPH, Showing Receipts from Shopping at Makkedah Meat

Processing (June 2019) (Spanish); Transcription of Video of Luis Gomez-Echeverria Describing Experiences at PPH, Showing Receipts from Shopping at Makkedah Meat Processing (June 2019) (English & Spanish)

- JTX 0024-A, 0024-B, 0025-A, and 0025-B (Facebook Comments from Arnoldo Trabanino, Emilto Moreno, Taty Montemayor, and Luis Gomez (Spanish); Facebook Comments from Arnoldo Trabanino, Emilto Moreno, Taty Montemayor, and Luis Gomez (English); Facebook Comments from Luis' Father (Spanish); Facebook Comments from Luis Gomez-Echeverria - Stating "He is Happily Retired" (English)

- JTX 0027 (Hervil Gomez-Echeverria's Guatemalan Passport)

- JTX 0041 (Hervil Gomez-Echeverria's PPH Wage Statement June 10 to June 16 2018)

- JTX 0054 (Darwin Fuentes Perez's Signed PPH Acknowledgement of H2A Obligations)

- JTX 0059-0064 (Darwin Fuentes Perez's PPH Wage Statement May 6 to May 12 2018; Darwin Fuentes Perez's PPH Wage Statement May 20 to May 26 2018; Darwin Fuentes Perez's PPH Wage Statement June 17 to June 23 2018; Darwin Fuentes Perez's PPH Wage Statement July 3 to July 9 2017; Prescription from Dr. Loren Reed for Darwin Fuentes Perez; Darwin Fuentes Perez's Form DS-160 (Visa Confirmation))

- JTX 0083 (Oceana County Property Tax Info - Emilto and Lucille Gomez Moreno 2015 to 2017)

- JTX 0086 (Oceana County Sheriffs Police Report - Emilto Gomez Moreno- 2021 FOIA response)

- JTX 0087 (MIOSHA Citation and Notifcation of Penalty to PPH February 08, 2023)

- JTX 0093 and 0094 (Indictment for United States v. Emilto Moreno Gomez; Judgment from U.S. v. Emilto Moreno Gomez)

- JTX 0095- 0104 (Jail Calls: November 10, 2021 - December 11, 2021, Jail Calls: December 11, 2021 - December 26, 2021; Jail Calls: December 26, 2021; Jail Calls: January 12, 2022 - January 27, 2022; Jail Calls: January 27, 2022 - February 9, 2022; Jail Calls: February 9, 2022 - February 22, 2022; Jail Calls: February 22, 2022 - March 11, 2022; Jail Calls: March 11, 2022 - March 15, 2022; Jail Calls: March 16, 2022 - March 29, 2022; Jail Calls: March 29, 2022 - April 6, 2022)

- JTX 0109 and 0110 (Email Correspondence Between Lucille Jean Moreno and Worker's Accident Fund; Email Correspondence Between Lucille Jean Moreno and the Department of Labor)

- JTX 0114 (Picture of PPH Farm)

- Defendants object to JTX 0086, JTX 0087, JTX 0109, and 0110 under FRE 402, 403, and 404. The police report regarding Emilto has nothing to do with the present case and is likely to be highly prejudicial. Likewise, the MIOSHA citation is for a matter completely separate from Plaintiffs are alleging, and it would appear that Plaintiffs are attempting to slip in improper character evidence to establish that Defendants acted in a similar manner. Defendants object to the email correspondence exhibits of JTX 0109 and 0110. It is more than well established that courts have consistently held that evidence of unrelated misconduct must be excluded under FRE 402, 403, and 404. Other-act evidence is admissible only if it is probative of a material fact other than character or propensity—such as intent or knowledge—and its probative value is not substantially outweighed by unfair prejudice. Here, neither the MIOSHA citation nor the police report bears on any element of Plaintiffs' claims; instead, they are offered solely to cast Defendants in an unfair light. Admission of these exhibits would risk confusing the issues and prompting the jury to decide the case on an improper propensity basis. All of the named exhibits are blatantly irrelevant under Rule 402, have no bearing on any disputed fact, and should be excluded.

- Defendants object to JTX 0004, JTX 0021-A and 0021-B, JTX 0024-A, 0024-B, 0025-A, and 0025-B, JTX 0027, JTX 0041, JTX 0054, JTX 0059-0064, JTX 0083, and JTX 0114 on the basis that they were not produced by Plaintiffs during discovery. These exhibits were first disclosed in Plaintiffs' Pretrial Exhibit List, served well after the close of discovery, and none were ever produced in response to Defendants' Rule 26(a) disclosures, interrogatories, document requests, or subpoenas. Under Rule 37(c), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As a different circuit has helpfully noted, "Rule 37(c)(1) gives teeth to [disclosure] requirements by forbidding the use at trial of any information required to be disclosed," and exclusion is mandatory absent a showing of both justification and lack of prejudice. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Plaintiffs can offer no justification for this belated disclosure, and Defendants have been irreparably prejudiced—having had no opportunity to inspect, authenticate, or depose witnesses regarding these materials. Admission of these exhibits would unfairly surprise Defendants and disrupt trial preparation, and they must therefore be excluded.

- Defendants object to JTX 0093, JTX 0094, and JTX 0095- 0104 on both the basis of late disclosure and under FRE 402, 403, and 404. Not only were these documents never produced to Defendants, but based on the description provided by Plaintiffs, appear to be highly prejudicial and irrelevant. Defendants have not had an opportunity to review any of these exhibits, but they appear to pertain to Emilto Moreno's unrelated conviction. Defendants would repeat the objects for both late disclosure and under the aforementioned rules as previously discussed for the other exhibits.

- To the extent that Plaintiffs seek to submit social media posts, (such as JTX 0024-A and 0024-B, JTX 0025-A and 0025-B) Defendants object and would require a person with knowledge to testify as to the content of the post and the identity of the person who authored it. To the extent that the exhibit is authenticated, Defendants object to any hearsay contained therein, and would require redaction unless evidence is presented that a certain speaker in fact provided a specific response. *See* Paul W. Grimm, Daniel Capra, and Gregory P. Joseph, Authenticating Digital Evidence, 69 Baylor L. Rev. 1, at p. 31-32 (2017) Available at: https://ir.lawnet.fordham.edu/faculty_scholarship/856 ("If the goal is to prove that the page or a post is that of a particular person, authenticity standards are not automatically satisfied by the fact that the post or the page is in that person's name, or that the person is pictured on the post. That is because someone can create a Facebook or other social media page in someone else's name. Moreover, one person may also gain access to another's account.").

2. **Uncontroverted Facts:**  The parties have agreed that the following may be accepted as established facts:

   **Defendants**

   a. Purpose Point Harvesting, LLC ("Purpose Point") is a Michigan farm labor contracting corporation that relies on the H-2A program to find foreign workers to plant, maintain, and harvest crops on third party farms.
   b. Purpose Point was owned and operated at all relevant times by husband and wife, Emilto Moreno Gomez and Lucille Jean Moreno, who are residents of Michigan.

   c. From 2017-2019, Lucille was the secretary of Purpose Point.

   d. Emilto was the President of Purpose Point from 2017-2019.

e. Both Lucille and Emilto profited financially from operating Purpose Point.

f. Emilto supervised the work of Plaintiffs.

g. Emilto had the authority and sole discretion to hire and fire Plaintiffs.

h. Lucille performed a variety of tasks for Purpose Point including submitting applications to the USDOL ETA (United States Department of Labor and Employment and Talent Admin), including the form ETA-790 (also known as the employment contract).

i. Lucille was responsible for completing payroll.

**Recruitment Under the H-2A Program**

j. An H-2A visa is a temporary visa that a foreign worker receives that allows them to live and work in agriculture for a period of time in the U.S. The workers are sometimes referred to as "seasonal" or "H-2A" workers.

k. The H-2A program is a federal program. The law requires agricultural employers in the United States to import foreign workers if the USDOL ETA certifies that:
   1. There are not enough U.S. workers to perform the job; and
   2. The employment of H-2A workers will not adversely affect the wages and working conditions of U.S. workers who are similarly employed.

l. Plaintiffs received H-2A visas, lawful work authorization and social security numbers for each season they worked for Purpose Point.

m. The ETA-790 "employment contract" is a legal contract that contains the material terms and conditions of Plaintiffs' employment for each season worked in the United States.

n. The employment contract at issue in this case contains a promise to "comply with applicable federal, state and local law regulations" that includes statutes raised in this matter, including the Trafficking Victims Protection Reauthorization Act (TVPRA), Michigan Human Trafficking Victims Compensation Act (MHTVCA), Fair Labor Standards Act (FLSA), and the Michigan Workforce Opportunity Act (MWOWA).

**Worker Living Conditions**

o. Plaintiffs lived in housing units owned by Purpose Point, which were located primarily in rural Oceana County.

p. Plaintiffs had access to Dr. Loren Reed, a friend of Emilto and Lucille, to receive medical care, at times at his personal residence.

**Plaintiffs**

q. Emilto and/or Lucille—on behalf of Purpose Point—arranged for Plaintiffs to enter the United States through the H-2A program.

r. In 2017 and 2018, the work contract was certified by Defendant Emilto. In 2019, the work contracts were certified by Defendant Lucille.

s. Plaintiffs are from an impoverished community in Guatemala.

t. Plaintiffs were H-2A temporary agricultural workers who worked for Defendants in Oceana and Newaygo Counties in 2017, 2018, and 2019.

u. Plaintiffs harvested, trimmed, maintained, and planted crops such as: asparagus, apples, peaches, tomatoes, cherries, broccoli, zucchini, and squash while working for Purpose Point.

v. Darwin Fuentes Perez was employed by Defendants for the 2017, 2018, and 2019 seasons.

w. Darwin signed an employment contract for each season he worked for Purpose Point.

x. Luis Gomez Echeverria was employed by Defendants for the 2017, 2018, and 2019 seasons.

y. Luis signed an employment contract for each season he worked for Purpose Point.

z. Hervil Gomez Echeverria was employed by Defendants for the 2018 season.

aa. Hervil signed an employment contract for each season he worked for Purpose Point.

bb. Artemio Coronado Esteban was employed by Defendants for the 2018 season.

cc. Artemio signed an employment contract for each season he worked for Purpose Point.

dd. Leonel Lopez y Lopez was employed by Defendants for the 2017 and 2018 seasons.

ee. Leonel signed an employment contract for each season he worked for Purpose Point.

## Plaintiffs' Work During Each Season

ff.  Plaintiffs worked in groups while employed by Purpose Point. These groups changed from year to year, and sometimes groups would switch during the harvesting season.

gg.  Emilto selected and assigned workers to work in groups and selected an individual in each group to record hours and piece rates.

hh.  Defendants destroyed the records showing daily hours and piece rate production for 2018 and 2019.

ii.  Defendants did not document any problems with any Plaintiffs' work, attitude, or performance for any season they were employed by Purpose Point.

jj.  None of the farms contracted with Purpose Point ended their contract in 2020 as the result of any problems with Luis or Hervil.

kk.  Plaintiffs were not terminated for work misconduct, work slowdown or stoppage.

## Compensation

ll.  Under 20 CFR § 655.103, the employment contract, the employer must disclose all material aspects of the job. That includes: the hourly rate of pay the worker will receive, the piece rate, the housing sites where workers will live and field locations for work to be performed, the job start and end dates, as well as the expected number of hours to be worked for the season.

mm.  In their employment contracts, Defendants promised that each worker would earn at least the Adverse Wage Rate (AWER or "contract wage") or the prevailing hourly or piece rate wage or the federal or state minimum wage, whichever was higher at the time, for all hours worked in the payroll period. This is a federal requirement.

nn.  The contract wage in 2017 was $12.75. The minimum wage in Michigan was $8.90, and the Federal minimum wage was $7.25.

oo.  The contract wage in 2018 was $13.06. The minimum wage in Michigan was $9.25, and the Federal minimum wage was $7.25.

pp.  The contract wage in 2019 was $13.54. The minimum wage in Michigan was $9.45, and the Federal minimum wage was $7.25.

qq.  Luis and Hervil were cousins to Emilto.

rr.  Hervil left his employment with Purpose Point prior to the end date of the contract.

ss.  Luis left his employment with Purpose Point prior to the end date of the contract.

tt.  Luis and Hervil left their employment without advance notice to Defendants.

uu. The contract states that Defendants "will notify DOL (and DHS, in the case of an H2A worker)" of any workers who left their employment prior to the end date of the contract period.

3.  **Controverted Facts and Unresolved Issues:**  The factual issues remaining to be determined and issues of law for the Court's determination are:

**Compensation**

a.  Plaintiffs dispute the accuracy of Defendants' timekeeping records required by the Fair Labor Standards ACT (FLSA), 29 U.S.C § 211 (c); 29 C.F.R Part 516.

b.  The parties dispute whether or not Luis Echeverria was adequately compensated for all hours worked for the 2017, 2018, and 2019 seasons. Luis asserts that he worked many hours for which he was not paid.

c.  The parties dispute whether or not Leonel Lopez was adequately compensated for all hours worked for the 2017 and 2018 seasons. Leonel asserts that he worked many hours for which he was not paid.

d.  The parties dispute whether or not Artemio Coronado was adequately compensated for all hours worked for the 2018 season. Artemio asserts that he worked many hours for which he was not paid.

e.  The parties dispute whether or not Hervil Echeverria was adequately compensated for all hours worked for the 2018 season. Hervil asserts that he worked many hours for which he was not paid.

f.  The parties dispute whether or not Darwin Fuentes was adequately compensated for all hours worked for the 2017, 2018, and 2019 seasons. Darwin asserts that he worked many hours for which he was not paid.

g.  The parties dispute that Defendants failed to pay the AWER, state minimum wage, and/or the federal minimum wage for all hours worked in 2017, 2018, and 2019.

**Recruitment Fee**

h.   Whether or not Defendants required Plaintiffs to pay a $2,500 recruitment fee to Emilto, directly and/or through third parties, for the opportunity to work for the company in the United States each year, for the benefit of the company.

i.   Whether or not Luis paid the $2,500 recruitment fees for the 2017, 2018, and 2019 seasons and $2,500 for the 2020 season.

j.   Whether or not Emilto reimbursed Luis's recruitment fees each year.

k.   Whether or not Darwin paid the $2,500 recruitment fee for 2017, 2018, and 2019 and $1,500 towards the 2020 recruitment fee.

l.   Whether or not Emilto reimbursed Darwin for the recruitment fees for 2017-2020.

m.   Whether or not, in 2017, 2018, and 2019, Emilto charged Leonel the $2,500 recruitment fee.

n.   Whether or not Leonel paid the $2,500 recruitment fee in 2017 and 2018, and paid the $2,500 recruitment for the 2019 season, even though Emilto prohibited him from returning to work in 2019.

o.   Whether or not Emilto reimbursed Leonel for the recruitment fees paid in 2017, 2018, and 2019.

p.   Whether or not, in 2018, Emilto charged Hervil the $2,500 recruitment fee.

q.   The parties dispute that to cover Hervil's recruitment fee for 2018, Lucille wrote two checks for herself from his brother and co-Plaintiff Luis's bank account with West Shore Bank in Hart, MI. These checks total $2,500.

r.   The parties dispute that Defendants did not reimburse Plaintiffs their $2,500 recruitment fee the first week of work contrary to their employment agreement and *Arriaga v. Fla Pacific Farms, LLC*, 305 F. 3d 1228, 1237 (11th Cir. 2002) ("Workers must be reimbursed during the first workweek for pre-employment expenses which primarily benefit the employer, to the point that wages are at least equivalent to the minimum wage.").

s.   Plaintiffs dispute that defendants breached their employment agreements by failing to compensate Plaintiffs for all hours worked for each season they worked.

**Passport Confiscation and Control over Bank Accounts**

t.   The parties dispute that Emilto confiscated Plaintiffs' passports and social
     security cards to ensure they could not travel or seek other employment.

u.   The parties dispute that Lucille had access to Plaintiffs' bank accounts to ensure
     workers paid whatever debts they owed to Emilto.

v.   Knowingly, concealing, removing, confiscating, or possessing any passport or
     social security card or other immigration or government document from an
     individual is, by definition, coercion under Michigan law (MCL 750.462a(b)(iii)).

w.   Whether for each season worked, Emilto recruited Plaintiffs in Guatemala and
     confiscated and possessed their passports upon arrival.

x.   Whether Emilto typically transported Plaintiffs to West Shore Bank in Hart, MI,
     and required them to open an account.

y.   Whether Lucille appears as an authorized user on several accounts.

**Control Exerted Over Workers and Its Effects**

z.   The parties dispute that Emilto warned Plaintiffs that he had friends with the
     Department of Labor (DOL) and threatened to "stain" workers' visas if they
     complained or cooperated with any investigation involving any agent from the
     state.

aa.  The parties dispute that, to avoid scrutiny, Emilto would not take injured or sick
     workers to established medical clinics unless absolutely necessary. Instead,
     Emilto would use a friend, Dr. Loren Reed, at Dr. Reed's personal residence.

bb.  The parties dispute that by underpaying workers, Defendants ensured that
     Plaintiffs could not afford to quit and by charging recruitment fees, workers were
     dependent on their jobs to earn the money back.

cc.   The parties dispute that Defendants' actions caused Plaintiffs serious harm
      including mental anguish including anxiety, worry, and apprehension.

dd.  The parties dispute that the Defendants required Plaintiffs to open a bank account.

ee.  The parties dispute that the Defendants required Plaintiffs to give Lucille access
     to their bank accounts or appear as signatory on their accounts.

ff. Whether Plaintiffs had their own form(s) of transportation and were restricted to company controlled entities to meet basic needs such as, access to medical care, groceries, and check cashing.

gg. Whether Plaintiffs had to rely on Emilto for exclusive access to the bank and international money wiring services.

hh. Whether Plaintiffs were allowed to go to hospitals or urgent care centers.

**4.** **Witnesses:**

a. Non-expert witnesses to be called by the plaintiffs and defendants, except those who may be called for impeachment/rebuttal purposes only, are:

| Name | Address, Tel. Number | Will Be / May Be Called | Method of Testimony | Objection(s) |
|------|----------------------|-------------------------|---------------------|--------------|
| Lucille Jean Moreno | c/o Avanti Law Group PLLC, 600 28th St. SW Wyoming, MI 49509 (616) 257-6807 | Will be called | In person | |
| Emilto Moreno Gomez | c/o Avanti Law Group PLLC, 600 28th St. SW Wyoming, MI 49509 (616) 257-6807 | Will be called | In person | |
| Luis Gomez-Echeverria | c/o Migrant Legal Aid, 1104 Fuller Ave., NE, Grand Rapids, MI 49503 (616) 454-5055 | Will be called | In person | |
| Hervil Gomez-Echeverria | c/o Migrant Legal Aid, 1104 Fuller | Will be called | In person | |

| | | | | |
|---|---|---|---|---|
| | Ave., NE, Grand Rapids, MI 49503<br><br>(616) 454-5055 | | | |
| Darwin Joel Fuentes Perez | c/o Migrant Legal Aid, 1104 Fuller Ave., NE, Grand Rapids, MI 49503<br><br>(616) 454-5055 | Will be called | Video or in person | |
| Leonel Lopez y Lopez | c/o Migrant Legal Aid, 1104 Fuller Ave., NE, Grand Rapids, MI 49503<br><br>(616) 454-5055 | Will be called | Video or in person | |
| Artemio Coronado Esteban | c/o Migrant Legal Aid, 1104 Fuller Ave., NE, Grand Rapids, MI 49503<br><br>(616) 454-5055 | Will be called | Video or in person | |
| Dr. Loren Reed | 71 Bevier St., Shelby, MI 49455<br><br>(231) 861-2187 | May be called | In person | |
| Rubicelia Salgado | c/o Michigan Department of Labor and Economic Opportunity, 195 N. Michigan Ave., Shelby MI 49455<br><br>(517) 388-9056 | Will be called | In person | |
| Sherry Waller (Retail Banking Officer, | c/o Westshore Bank, 4070 W Polk Rd, Hart, MI 49420 | May be called | In person | |

| | | | | |
|---|---|---|---|---|
| Westshore Bank) | (231) 873-1400 | | | |
| Peggy Morales (Westshore Bank) | c/o Westshore Bank, 4070 W Polk Rd, Hart, MI 49420<br><br>(231) 873-1400 | May be called | In person | |
| Naomi Marks (former PPH employee) | 1813 N. 136th Ave., Hart, MI 49420 | May be called | In person | |
| Nadine Marks (former PPH employee) | 1813 N. 136th Ave., Hart, MI 49420 | May be called | In person | |
| Rosa Rangel | 1535 Industrial Park Dr. Hart, MI 4942<br><br>(231) 742-1395 | Will be called | In person | |

**Additional Witnesses**:

Defendants list an additional 80 witnesses that "may be called" via in person or video testimony.  See the list below.  Plaintiffs object to these 80 additional witnesses on the following grounds:

- This quantity of witnesses makes it impractical and unfeasible for Plaintiffs to properly prepare for trial and lends itself to surprise at trial. Further, it will result in needless presentation of cumulative evidence.

- Defendants did not notice these witnesses properly under Rule 26.  Rule 26 requires parties to list the subjects of discoverable information of each individual. Fed. R. Civ. Proc. 26(a)(1)(A)(i).  Defendants failed to list any subjects of information for any of these individuals when they served their disclosures.  *See* ECF 210-2 at 2-5.  On February 6, 2025, Plaintiffs sent a letter to Defendants' counsel requesting that counsel "supplement your disclosures with the names of persons you expect to call at trial, their addresses and phone numbers if known, and a description of the subjects of information you expect them to testify about and the basis of that testimony, and that you explain how that testimony complies

with the Court's MIL Order." Defendants refused to provide any further information. When pressed during pretrial meet-and-confer, Defendants provided only that: "These individuals may be called to testify as to their personal experiences with the Plaintiffs while working and living with them in 2017, 2018 and/or 2019." This late, vague description is insufficient.

"The discovery rules are designed to provide parties with essential information and to eliminate surprise." *Miller v. Gentry*, 2018 WL 11243682, at *3 (W.D. Mich. Apr. 25, 2018) (preventing witnesses from testifying at trial because Plaintiff did not adequately "describe the subject of the discoverable information the witnesses likely had"). Defendants should not be permitted to surprise Plaintiffs at trial with these 80 witnesses' testimonies. Under Rule 37(c), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, the omission of necessary subjects of information prejudiced Plaintiffs' trial preparation, and Defendants' should not be allowed to use the witnesses as evidence at trial. *See Gipson v. Vought Aircraft Indus., Inc.*, 387 F. App'x 548, 554 (6th Cir. 2010) (affirming the striking of an affidavit because subjects of information omitted information and thus harmed trial preparation, since the omission "certainly 'suggested to [defendants] that such investigation [of omitted information] might have been a waste of resources'" (quoting *Caudell v. City of Loveland*, 226 Fed. App'x 479, 481 (6th Cir. 2007)).

- Elia Gomez de Moreno was not previously listed on any disclosures from Defendants.

- Defendants appear to be completely ignoring the Court's order at ECF 219, in which the Court ruled on Plaintiffs' motion in limine regarding these very witnesses and found that "to the extent that Defendants seek to introduce testimony from non-Plaintiff Purpose Point workers that goes beyond their personal knowledge of Plaintiffs' experiences with Defendants, that testimony is properly excluded as irrelevant under Rule 401 of the Federal Rules of Evidence" and "is also properly excluded under Rule 403 of the Federal Rules of Evidence." ECF 219 at 15-18. Defendants have not even attempted to identify which—if any—of these 80 additional witnesses worked in the same crews as Plaintiffs for any specific year.

- Defendants failed to move the Court for allowance of video testimony for any of these 80 additional witnesses. Particular provisions have to be in place for

witnesses to appear via video, and Defendants have established none of these. Plaintiffs were granted permission for certain Plaintiffs to testify remotely only after they made a motion to the Court — *which Defendants opposed* — for remote testimony and established good-faith efforts to obtain requisite visas to testify in-person.  ECF 219 at 14-15.  The parties then met and conferred on procedures for Plaintiffs' remote testimony, which they presented to the Court. ECF 237.  By contrast, at no point before yesterday were Plaintiffs made aware of Defendants' intentions to call any witness remotely.

| Names | Address | Phone Numbers | Will be/May Be Called | Method of Testimony |
|---|---|---|---|---|
| Alber Elpidio Merida Avila | Aldea Olvido Malacatan San Marcos Guatemala | 502-3987-3139 | May be called | In Person |
| Aldair Lopez Orozco | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-4908-8636 | May be called | In Person |
| Alejandro J Natareno Valdez | 134 W. Church St. Troutman N.C. 28166 | 704-761-9167 | May be called | In Person |
| Ana Isabel Hernandez Chilel | Aldea Esquipulas Malacatan San Marcos Guatemala | 470-448-7363 | May be called | Via Video |
| Angel Heraldo Moreno Gomez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3390-1281 | May be called | Via Video |
| Ariel Perez Ramos | Aldea La Batalla Malacatan San Marcos Guatemala | 502-4874-7944 | May be called | In Person |
| Bagner Uriver Leal Barrios | Aldea Sinai Malacatan San Marcos Guatemala | 502-4683-8940 | May be called | In Person |
| Belarmino Gomez Soto | Aldea Nica Malacatan San Marcos Guatemala | 502-4950-3054 | May be called | Via Video |
| Boris Oman Lopez Chavez | Aldea Nica Malacatan San Marcos Guatemala | 502-4040-4743 | May be called | In Person |
| Brandon Alexis de Leon Gomez | Aldea Nica Malacatan San Marcos Guatemala | 502-5778-6310 | May be called | In Person |
| Bridman Uriver Gomez-Moreno | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-5375-2058 | May be called | In Person |
| Byron Danny Chilel | Aldea Nica Malacatan San Marcos Guatemala | 502-4042-9886 | May be called | In Person |

| | | | | |
|---|---|---|---|---|
| Carlos Alberto De Leon Lopez | Aldea San Juan Melendrez Catarina San Marcos Guatemala | 502-3996-9254 | May be called | In Person |
| Cesar Ruben Lopez Perez | Aldea Sinai Malacatan San Marcos Guatemala | 502-3849-8134 | May be called | In Person |
| Clisman Romeo Merida Avila | Aldea Olvido Malacatan San Marcos Guatemala | 502-4050-6889 | May be called | In Person |
| Cristian Santiago Felix-Bamaca | Aldea Nica Malacatan San Marcos Guatemala | 502-4054-0445 | May be called | Via Video |
| Cupertino Lopez Moreno | Aldea Nica Malacatan San Marcos Guatemala | 502-5757-2891 | May be called | In Person |
| Dagoberto Garcia-Perez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-5317-5360 | May be called | In Person |
| Daniel Domingo Felipe Chilel | Aldea Nica Malacatan San Marcos Guatemala | 502-4956-3706 | May be called | Via Video |
| Darsi Elisa Moreno Bamaca | Aldea Nica Malacatan San Marcos Guatemala | 502-4896-3129 | May be called | Via Video |
| David Alex Gomez-Perez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-5154-0546 | May be called | In Person |
| Deibin Belarmino Gomez-Zacarias | Aldea Nica Malacatan San Marcos Guatemala | 502-5362-7027 | May be called | In Person |
| Drodsni Rodmimi Laparra Solis | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3707-8036 | May be called | In Person |
| Eder Waldemar Echeverria-Arriaga | Aldea Maria Linda Malacatan San Marcos Guatemala | 502-3254-6094 | May be called | In Person |
| Edy Cruz Dionicio Barrios | Aldea Nica Malacatan San Marcos Guatemala | 502-5324-8983 | May be called | Via Video |
| Elfego Rosinel Lopez-Guzman | Aldea Maria Linda Malacatan San Marcos Guatemala | | May be called | Via Video |
| Elia Gomez de Moreno. | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-4898-3452 | May be called | In Person |
| Elvis Eudelio Lopez-Orozco | Aldea Maria Linda Malacatan San Marcos Guatemala | 502-4822-6423 | May be called | In Person |
| Enma Lidy Munoz Diaz | Aldea Maria Linda Malacatan San Marcos Guatemala | 502-4545-2840 | May be called | Via Video |

| | | | | |
|---|---|---|---|---|
| Erasmo Alexander Ramirez | Aldea Esquipulas Malacatan San Marcos Guatemala | | May be called | Via Video |
| Ergil Miguel Gomez Navarro | Aldea El Rubi Malacatan San Marcos Guatemala | 502-3702-5794 | May be called | In Person |
| Ervin Danilo De Leon Lopez | Aldea San Juan Melendrez Catarina San Marcos Guatemala | 502-5524-6593 | May be called | In Person |
| Estuardo Rene Rivera-Barrios | Aldea Nica Malacatan San Marcos Guatemala | 502-3713-9949 | May be called | In Person |
| Eugenio Perez-Pablo | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-4557-2769 | May be called | In Person |
| Favio Moreno Trabanino | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3827-9675 | May be called | In Person |
| Feliciano Adrian Lopez-Ramos | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-4803-0444 | May be called | Via Video |
| Franklin Romario Ramirez-Lopez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-4953-8923 | May be called | In Person |
| Fredy Yovani Fuentes Osorio | 16538 San Fernando Mission BLVD San Fernando Ca. 91340 | 818-321-4988 | May be called | Via Video |
| Genaro Rodrigo Echeverria Arriaga | Aldea Maria Linda Malacatan San Marcos Guatemala | 502-4894-0874 | May be called | In Person |
| Guillermo Agusto Orozco-Orozco | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-4694-9293 | May be called | In Person |
| Horge Ottoniel Merida Barrios | Aldea Olvido Malacatan San Marcos Guatemala | 502-4564-4015 | May be called | In Person |
| Isael Hernandez Hernandez | Alamo Vera Cruz Mexico | 52-765-105-8123 | May be called | In Person |
| Jesus Alexander Lopez Guzman | Aldea Maria Linda Malacatan San Marcos Guatemala | 502-5734-3160 | May be called | In Person |
| Jesus Enrique Garcia-Gomez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-5521-2711 | May be called | Via Video |
| Jezer Jeudi Bonilla-Barrios | Aldea Maria Linda Malacatan San Marcos Guatemala | 502-4918-7978 | May be called | Via Video |

| | | | | |
|---|---|---|---|---|
| Jose Benigno Romero-Felipe | Aldea Nica Malacatan San Marcos Guatemala | | May be called | Via Video |
| Jose Manuel Cabrera Gutierrez | Alamo Vera Cruz Mexico | 52-746-106-1160 | May be called | Via Video |
| Juan Alberto Garcia Perez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-5181-1935 | May be called | In Person |
| Juan Alberto Osorio Antonio | Alamo Vera Cruz Mexico | 52-765-110-8210 | May be called | In Person |
| Juan Valentin Gomez Y Gomez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3724-3877 | May be called | In Person |
| Julio Ceasar Gomez Moreno | Aldea Nica Malacatan San Marcos Guatemala | | May be called | Via Video |
| Kembirle Minerva Ambrocio Perez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-5375-2058 | May be called | Via Video |
| Keny Orlando Moreno Gomez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-4899-1254 | May be called | In Person |
| Koeman Anibal Lopez Alonzo | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3847-3505 | May be called | In Person |
| Lesvy M Lopez Ramirez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-5534-6681 | May be called | In Person |
| Mario Adolfo Moreno | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-5199-8973 | May be called | In Person |
| Mayron Estuardo Linares Flores | El Progreso Jutiapa Guatemala | 502-5895-6472 | May be called | In Person |
| Mefibocet Moralas De Paz | Aldea Nica Malacatan San Marcos Guatemala | 502-3119-8742 | May be called | In Person |
| Melvin Hermitalio Mendez-Fuentes | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3376-7596 | May be called | Via Video |
| Oscar Gerardo Gomez-Lopez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3838-3721 | May be called | In Person |
| Pablo Cruz Perez Solis | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3733-0994 | May be called | In Person |
| Patricio Adrian Merida-Avila | Aldea Olvido Malacatan San Marcos Guatemala | 502-4663-6480 | May be called | In Person |

| | | | | |
|---|---|---|---|---|
| Peggy Morales | 4070 W. Polk Rd. Hart MI 49420 | 231-873-1400 | May be called | In Person |
| Penny Burillo | 516 Griswold St. Hart, MI 49420 | 231-239-4058 | May be called | In Person |
| Raul Navarro Moreno | Alamo Vera Cruz Mexico | 52-765-114-5150 | May be called | In Person |
| Roberth Raul De Leon Arreaga | Aldea Maria Linda Malacatan San Marcos Guatemala | 502-4959-9425 | May be called | In Person |
| Roberto Garcia Rivera | Alamo Vera Cruz Mexico | 52-765-119-3240 | May be called | In Person |
| Roger Ademir De Leon Arreaga | Aldea Nica Malacatan San Marcos Guatemala | 502-4896-3129 | May be called | In Person |
| Rosalinda Ruiz | 508 E Court St. Ludington MI 49431 | 231-233-9069 | May be called | In Person |
| Rudy Waldemar Chilel-Lopez | Aldea Nica Malacatan San Marcos Guatemala | 502-4562-2800 | May be called | In Person |
| Sadi Osael Renoj Lopez | Aldea Nica Malacatan San Marcos Guatemala | | May be called | Via Video |
| Saul Segura Olivares | Alamo Vera Cruz Mexico | 52-765-112-2664 | May be called | In Person |
| Sayra Karina de Leon Cifuentes | Aldea Nica Malacatan San Marcos Guatemala | | May be called | Via Video |
| Sergio Valente Perez Martinez | Aldea Nica Malacatan San Marcos Guatemala | 502-5900-8738 | May be called | In Person |
| Sirle Odali Moreno Bamaca | Aldea Nica Malacatan San Marcos Guatemala | 502-4956-3786 | May be called | Via Video |
| Tony-Ferdy Moreno-Bamaca | Aldea Nica Malacatan San Marcos Guatemala | 502-4532-0684 | May be called | In Person |
| Victor Elias Gomez-Leal | Aldea Sinai Malacatan San Marcos Guatemala | 502-5185-0626 | May be called | In Person |
| Wilmar Alfredo Moreno Gomez | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3384-8473 | May be called | In Person |
| Wilson Antulio Lopez-Moreno | Aldea Maria Linda Malacatan San Marcos Guatemala | | May be called | Via Video |
| Yener-Didier Gomez-Moreno | Aldea Esquipulas Malacatan San Marcos Guatemala | 502-3290-6419 | May be called | Via Video |

a. Expert witnesses to be called by the plaintiffs and the defendants, except those who may be called for impeachment purposes only, are:

| Name | Address, Tel. Number | Qualifications and Field | Method of Testimony | Objection(s) |
|---|---|---|---|---|
| Dr. Kim Mehlman-Orozco | (703) 362-9405 | Dr. Mehlman-Orozco has expert knowledge on the subject of human trafficking in general and forced labor offender practices in particular.<br><br>Judges in both federal and state courtrooms have found Dr. Mehlman-Orozco to be a highly qualified and reliable expert. In addition, Dr. Mehlman-Orozco has conducted over 2,000 qualitative interviews with human traffickers and victims, has trained both federal and local level law enforcement agents on the methodology of identifying geographic patterns of human trafficking, and has a number of peer-reviewed publications on trafficking. Additionally, Dr. Mehlman-Orozco. *See* ECF No. 226-1 at PageID.5814-5815; ECF No. 226-2 at PageID.5830-5849. | In person | Subject of pending motion. *See* ECF Nos. 226, 231. |

5.    **Depositions and Other Discovery Documents:** All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiffs and the defendants are:

Plaintiffs:

    a.  Plaintiffs' Answers To Defendant's First Set Of Interrogatories – Response to Interrogatory No. 2

    b.  Plaintiffs' Answers To Defendant's Request To Produce - Response to Request No. 15

    c.  Plaintiffs' Answers To Defendant's First Interrogatories For Plaintiffs Julio Cesar Gomez Moreno, Darwin Joel Fuentes Perez, Artemio Coronado Esteban, Leonel Lopez Y Lopez – Response to Interrogatory No. 2

    d.  Plaintiffs' Answers To Defendant's First Request To Plaintiffs Julio Cesar Gomez Moreno, Darwin Joel Fuentes Perez, Artemio Coronado Esteban, And Leonel

Lopez Y Lopez For Production, Inspection, And Copying Of Documents And Things - Response to Request No. 15

Defendants:
   a.  None.

**6.**   **Length of Trial:**  Counsel estimate the trial will last approximately 7 full days, allocated as follows: 3 days for plaintiffs' case; 3 days for defendants' case; 1 day for plaintiffs' rebuttal.

**7.**   **Prospects of Settlement:**  The current status of settlement negotiations is:

On April 8, 2025, defense counsel emailed counsel for Plaintiffs with a settlement offer. Plaintiffs shared this offer with their clients and are considering a response.

Dated: April 15, 2025                                   Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**          **AVANTI LAW GROUP, PLLC**
*/s/ Kenya K.  Davis*                                   */s/ Robert Anthony Alvarez*
Kenya K.  Davis (D.C. Bar No: 502305)      Robert Anthony Alvarez (P66954)
Admitted to Practice in the Western District      600 28th St. SW
of Michigan                                             Wyoming, MI 49509
1401 New York Avenue, NW                       Tel: (616) 257-6807
Washington, DC 20005                              ralvarez@avantilaw.com
Tel: (202) 237-9608
kdavis@bsfllp.com                                     *Attorneys for Defendants*

**MIGRANT LEGAL AID**
Teresa Hendricks (P46500)
1140 Fuller Ave., NE
Grand Rapids, MI 49503
Tel: (616) 454-5055
thendricks@migrantlegalaid.org

*Attorneys for Plaintiffs*

**IT IS SO ORDERED**.

   Dated: _____                    _____
                                                           Hon. Jane M. Beckering

United States District Judge