UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LUIS GOMEZ-ECHEVERRIA, ET AL.,                    Case No. 22-CV-314
    Plaintiffs/Counter-Defendants,            Hon. Jane M. Beckering
v.

PURPOSE POINT HARVESTING LLC,
ET AL.,
    Defendants/Counter-Plaintiffs.

| | |
|---|---|
| **MIGRANT LEGAL AID**<br>Teresa Hendricks (P46500)<br>Molly Spaak (84730)<br>Attorneys for Plaintiffs/Counter-Defendants<br>1140 Fuller Ave., Ne<br>Grand Rapids MI 49503<br>616-454-5055<br><br>**BOIES SCHILLER FLEXNER LLP**<br>Kenya K. Davis (D.C. Bar No: 502305)<br>1401 New York Avenue, NW<br>Washington, DC 20005<br>(202) 237-9608<br>kdavis@bsfllp.com | **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorney for Defendants/Counter-Plaintiffs<br>600 28th St. SW<br>Wyoming, MI 49509<br>616-257-6807 |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' OPENING SLIDESHOW

Plaintiffs have provided Defendants a copy of a slide show containing their opening statement containing 77 slides. Defendants strenuously object to several of these slides based on four main arguments: (1) several slides refer to demonstratives not provided in discovery, (2) several slides refer to allegations not in Plaintiffs' complaint, (3) several slides make impermissible jury arguments, and (4) even if such complained-of slides were permitted, they should otherwise be excluded under Rule 403.

1

The following slides contain images not provided in discovery: slides 2, 3, 14, 15, the middle image on slide 21, slide 23, the two furthest images to the right on slide 24, the two furthest images to the left on slide 25, slide 40, slide 41, slide 42, the image to the left on slide 43, slide 45, slide 46, the image on slide 52, and slide 75. On August 21, 2024, this Honorable Court entered its case management order setting trial for May 28, 2025. This order provided as follows:

> Exhibits: The following exhibits will be offered by the plaintiffs and the defendants: (List jointly [JT EX __] all exhibits, *including demonstrative evidence and summaries of other evidence*. Exhibits expected to be used solely for impeachment purposes need not be identified until trial. The exhibits shall be identified on a form similar to Attachment 1, attached to these Guidelines. The complete list of exhibits on a form similar to Attachment 1 must be produced at the final pretrial conference. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Plaintiffs shall use numbers [1-99]; defendants shall use letters [A-Z]. Where the parties are unable to agree on the inclusion of an exhibit, indicate with respect to each exhibit whether and for what reason its admissibility is contested. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. *See* FED. R. CIV. P. 26(a)(3).)

(ECF No. 196 at PageID.5260) (emphasis added).

Plaintiffs failed to provide any of the images referred to above to Defendants during discovery, and thus their use would be in direct violation of the case management order and this Honorable Court's local rules. *See Information and Guidelines for Civil Practice before The Honorable Jane M. Beckering, United States District Judge United States District Court for the Western District of Michigan*, VIII(C); *cf. United States v. Diaz*, No. 24-CR-0032 MV, 2024 WL 758462, at *1 (D.N.M. Feb. 24, 2024) ("The Court has already found that Exhibits 9A, 11D, 11G, 11F, 14G and 25C, as well as the cropped version of 11I, are relevant and admissible. Thus, the government can also fairly expect that these exhibits will come into evidence and can present them during opening statement."). Had Plaintiffs timely provided Defendants with a copy of their

proposed demonstratives, Defendants would have been able to properly object as appropriate, instead of working on its objections on the eve of trial. *See, e.g., Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586-WSD, 2016 WL 4169222, at *6 (N.D. Ga. Mar. 7, 2016) ("The parties are instructed to confer regarding the demonstratives each party intends to use during opening arguments, and to bring any unresolved disputes to the Court's attention at the pretrial conference scheduled in this matter.").

Several of the photographs do not even depict Purpose Point's working environment and its workers' living conditions. To the extent Plaintiffs' demonstrative exhibits do not depict objects or persons relevant to this particular suit, they should be excluded for failure of authentication under Rule 901:

> A photograph may be distorted, and thus inadmissible as a technically inaccurate representation of the scene photographed. *A picture may also be inadmissible, although technically accurate, because it portrays a scene that is materially different from a scene that is relevant to one of the issues at trial*. Before admitting a photograph into evidence, the trial court must find that the dangers of such distortion or wrong emphasis are sufficiently remote so that the trier of fact may consider the photographs for the purposes offered. These are principally questions of authentication.

*United States v. Stearns*, 550 F.2d 1167, 1170 (9th Cir. 1977) (emphasis added) (citing Fed. R. Evid. 901)).

Several of the slides refer to allegations that do not conform to Plaintiffs' operative complaint. These include: slide 7 ("Hart Drunkard Brethren Church"), page 8 ("Check-Cashing Store"), slide 11 (alleging that Defendant had prior notice of Department of Labor inspections), slide 12 ("The Morenos bought phones and then sold them to Plaintiffs. Other workers would check Plaintiff's phone for Milton."), slide 13 (alleging that plaintiffs were charged high interest rates), page 14 ("Document Servitude"), slide 20 (alleging that Milton would recruit spies), slide 47 (alleging that Plaintiffs had to purchase their own raincoats, pay monthly cellphone fees,

donate to the Drunkard Brethren Church and pay check-cashing fees), slide 50 (alleging that Milton would force Plaintiffs to lie to government officials). Because these slides refer to allegations not raised in the operative complaint, they should be excluded for lack of relevancy. *See* Fed. R. Evid. 401("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). For example, slide 14 mentions a separate claim entirely under the TVPRA that is not at issue in this case. Relatedly, Defendants object to slide 54, where Plaintiffs present certain "risk factors [that] may make certain individuals more vulnerable to forced labor than others." This slide injects impermissible expert argument into the trial based on facts not in evidence, and otherwise violates the cardinal rule of opening statements: "Detailing the law during opening statements is . . . inappropriate." 1 Fed. Jury Prac. & Instr. § 6:1 (6th ed.).

Several of Plaintiffs' slides include impermissible jury arguments. 1 Fed. Jury Prac. & Instr. § 6:1 (6th ed.) ("Opening statements are just that—statements. Hence it is improper to make arguments during opening statements."). This includes several titles in the slides, such as "Back Breaking Work" on slide 3, "Web of Coercive Control" on slide 4 and throughout, the text on slide 4 saying that Defendants "gamed" the H-2A system, the "game the system" graph on slide 37, references to "proper" accounting practices and "poorly" organized time sheets on slide 43, the suggestion that Lucille "utilized her co-sign power" on slide 48, and the "staging and coaching" title on slide 50.

These slides do not merely state what evidence Plaintiffs intend to admit; rather, they unfairly use negatively charged language that will unfairly allow for jurors to make adverse inferences against the Defendants. *United States v. Lizon-Barias*, 252 F. App'x 976, 978 (11th Cir. 2007) ("An opening statement gives counsel the opportunity to state what evidence will be

presented in order to make it easier for the jurors to understand what is to follow, and is not an occasion for argument."). As the old adage goes: you cannot unring a bell.

Alternatively, each and every one of the complained-of slides or images should be excluded under Rule 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. As to those images in the slides that were not provided in discovery, their presentation would confuse the issues and mislead the jury. Allegations in the slides not contained in the complaint would also mislead the jury and confuse the issues. Plaintiffs' argumentative slides would likewise confuse the issues and mislead the jury.

In conclusion, Defendants respectfully request that this Honorable Court EXCLUDE the complained-of slides and demonstratives as explained above.

Respectfully submitted,

/s/ Robert Anthony Alvarez
Robert Anthony Alvarez (P66954)
Avanti Law Group, PLLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, a copy of the instant filing was filed with the Court Clerk via ECF system e-filing system which will give notice of such filing to all parties of record.

<i>s/ Robert Anthony Alvarez</i><br>
Robert Anthony Alvarez