## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Luis Gomez-Echeverria et al.,

*Plaintiffs*,

v.

Purpose Point Harvesting LLC et al.,

*Defendants*.

Case No. 1:22-cv-314

Hon. Jane M. Beckering

## <u>VERDICT</u>

1

Please answer the following questions unanimously. Your answers must be based solely on the evidence presented during the trial and the instructions provided by the Court. After completing the form, the foreperson should sign and date it.

**PLAINTIFFS' CLAIMS**

**COUNT ONE: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT ("TVPRA")**

**All Plaintiffs against Purpose Point Harvesting LLC ("Purpose Point"), Emilto Moreno Gomez, and Lucille Moreno**

I.  **Purpose Point**

Do you find from a preponderance of the evidence (defined in Jury Instruction 2.04) that Defendant PURPOSE POINT violated the TVPRA (as defined in the Jury Instruction on 18 U.S.C. §1589)?

| | | |
|---|---|---|
| Luis Gomez-Echeverria | YES __✗__ | NO _____ |
| Hervil Gomez-Echeverria | YES __✗__ | NO _____ |
| Darwin Joel Fuentes Perez | YES __✗__ | NO _____ |
| Artemio Coronado Esteban | YES __✗__ | NO _____ |
| Leonel Lopez y Lopez | YES __✗__ | NO _____ |

II.  **Emilto ("Milton") Moreno Gomez**

Do you find from a preponderance of the evidence that Defendant EMILTO MORENO GOMEZ violated the TVPRA (as defined in the Jury Instruction on 18 U.S.C. §1589)?

| | | |
|---|---|---|
| Luis Gomez-Echeverria | YES __✗__ | NO _____ |
| Hervil Gomez-Echeverria | YES __✗__ | NO _____ |
| Darwin Joel Fuentes Perez | YES __✗__ | NO _____ |
| Artemio Coronado Esteban | YES __✗__ | NO _____ |
| Leonel Lopez y Lopez | YES __✗__ | NO _____ |

### III.    Lucille Moreno

Do you find from a preponderance of the evidence that Defendant LUCILLE MORENO violated the TVPRA (as defined in the Jury Instruction on 18 U.S.C. §1589)?

| | | | |
|---|---|---|---|
| Luis Gomez-Echeverria | YES | X | NO _____ |
| Hervil Gomez-Echeverria | YES | X | NO _____ |
| Darwin Joel Fuentes Perez | YES | X | NO _____ |
| Artemio Coronado Esteban | YES | X | NO _____ |
| Leonel Lopez y Lopez | YES | X | NO _____ |

*If you answered "**YES**" for **any** Plaintiff(s) on **any** of **Count One, Section I, II, or III**, please proceed to answer the below questions for that Plaintiff(s). If you did not, please do not proceed to answer the below questions for that Plaintiff(s), and proceed to the next Claim on **page 6.***

### IV.    Compensatory Damages – TVPRA

Please enter the total amount of compensatory damages (as defined in Jury Instruction 3.04A) you award (if any) to each Plaintiff for Defendants' violation of the Trafficking Victims Protection Reauthorization Act in each of the following categories:

**1. Luis Gomez-Echeverria**

a.  Economic damages incurred as a result of Defendants' wrongful conduct:

$ 27,500.00

b.  Noneconomic damages for physical injury, pain and suffering, and mental

anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

$ 0

**2. Hervil Gomez-Echeverria**

a.  Economic damages incurred as a result of Defendants' wrongful conduct:

$ 10,500.00

3

    b.  Noneconomic damages for physical injury, pain and suffering, and mental

anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

$\ \underline{\hspace{3cm}0\hspace{2cm}}$

### 3. Darwin Joel Fuentes Perez

    a.  Economic damages incurred as a result of Defendants' wrongful conduct:

$\ \underline{\hspace{1cm}31,500.00\hspace{1cm}}$

    b.  Noneconomic damages for physical injury, pain and suffering, and mental

anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

$\ \underline{\hspace{3cm}0\hspace{2cm}}$

### 4. Artemio Coronado Esteban

    a.  Economic damages incurred as a result of Defendants' wrongful conduct:

$\ \underline{\hspace{1cm}12,500.00\hspace{1cm}}$

    b.  Noneconomic damages for physical injury, pain and suffering, and mental

anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

$\ \underline{\hspace{3cm}0\hspace{2cm}}$

5. **Leonel Lopez y Lopez**

   a. Economic damages incurred as a result of Defendants' wrongful conduct:

   $ _23,000.00_

   b. Noneconomic damages for physical injury, pain and suffering, and mental

   anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

   $ _0_

## V. Punitive Damages – TVPRA

Please enter the total amount of punitive damages (as defined in Jury Instruction 3.04A) you award (if any) to each Plaintiff for Defendants' violation of the Trafficking Victims Protection Reauthorization Act:

1. **Luis Gomez-Echeverria**          $ _100,000.00_

2. **Hervil Gomez-Echeverria**        $ _100,000.00_

3. **Darwin Joel Fuentes Perez**      $ _125,600.00_

4. **Artemio Coronado Esteban**       $ _50,000.00_

5. **Leonel Lopez y Lopez**          $ _75,000.00_

## COUNT TWO: MICHIGAN HUMAN TRAFFICKING VICTIMS COMPENSATION ACT ("MHTVCA")

**All Plaintiffs against Purpose Point Harvesting LLC ("Purpose Point"), Emilto Moreno Gomez, and Lucille Moreno**

### I.    Purpose Point

Do you find from a preponderance of the evidence that Defendant PURPOSE POINT knowingly recruited, enticed, harbored, transported, provided, or obtained Plaintiffs to perform forced labor or services (as defined in the Jury Instruction on MCL § 752.981)?

| | | |
|---|---|---|
| Luis Gomez-Echeverria | YES ___✗___ | NO _____ |
| Hervil Gomez-Echeverria | YES ___✗___ | NO _____ |
| Darwin Joel Fuentes Perez | YES ___✗___ | NO _____ |
| Artemio Coronado Esteban | YES ___✗___ | NO _____ |
| Leonel Lopez y Lopez | YES ___✗___ | NO _____ |

### II.    Emilto ("Milton") Moreno Gomez

Do you find from a preponderance of the evidence that Defendant EMILTO MORENO GOMEZ knowingly recruited, enticed, harbored, transported, provided, or obtained Plaintiffs to perform forced labor or services?

| | | |
|---|---|---|
| Luis Gomez-Echeverria | YES ___✗___ | NO _____ |
| Hervil Gomez-Echeverria | YES ___✗___ | NO _____ |
| Darwin Joel Fuentes Perez | YES ___✗___ | NO _____ |
| Artemio Coronado Esteban | YES ___✗___ | NO _____ |
| Leonel Lopez y Lopez | YES ___✗___ | NO _____ |

### III.    Lucille Moreno

Do you find from a preponderance of the evidence that Defendant LUCILLE MORENO knowingly recruited, enticed, harbored, transported, provided, or obtained Plaintiffs to perform forced labor or services?

| | | |
|---|---|---|
| Luis Gomez-Echeverria | YES _____ | NO _✗_ |
| Hervil Gomez-Echeverria | YES _____ | NO _✗_ |
| Darwin Joel Fuentes Perez | YES _____ | NO _✗_ |
| Artemio Coronado Esteban | YES _____ | NO _✗_ |
| Leonel Lopez y Lopez | YES _____ | NO _✗_ |

*If you answered "**YES**" for **any** Plaintiff(s) on **Count Two, Section I, II, or III**, please proceed to answer the below questions for that Plaintiff(s). If you did not, please do not proceed to answer the below questions for that Plaintiff(s), and proceed to the next Claim on **page 11**.*

### IV.    Compensatory Damages – MHTVCA

Please enter the total amount of compensatory damages you award (if any) to each Plaintiff for Defendants' violation of the Michigan Human Trafficking Victims Compensation Act in each of the following categories. (Note: Even if you have already assigned damages on another claim, please enter the damages you would award just for this claim.):

**1.  Luis Gomez-Echeverria**

a.  Economic damages incurred as a result of Defendants' wrongful conduct:

$ ___3,000.00___

b.  Noneconomic damages for physical injury, pain and suffering, and mental

anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

$ ___0___

2. **Hervil Gomez-Echeverria**

   a.  Economic damages incurred as a result of Defendants' wrongful conduct:

   $  1,500.00

   b.  Noneconomic damages for physical injury, pain and suffering, and mental

   anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

   $ ⊖

3. **Darwin Joel Fuentes Perez**

   a.  Economic damages incurred as a result of Defendants' wrongful conduct:

   $  ~~3,700.00~~ 3,000.00 CHN

   b.  Noneconomic damages for physical injury, pain and suffering, and mental

   anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

   $ ⊖

4. **Artemio Coronado Esteban**

   a.  Economic damages incurred as a result of Defendants' wrongful conduct:

   $  2,000.00

   b.  Noneconomic damages for physical injury, pain and suffering, and mental

   anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

   $  ⊖

    5.  **Leonel Lopez y Lopez**

        a.  Economic damages incurred as a result of Defendants' wrongful conduct:

        $ _____2,000.00_____

        b.  Noneconomic damages for physical injury, pain and suffering, and mental

        anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

        $ ____—0—____

Now consider the amount of compensatory damages awarded above (if any) in light of the compensatory damages awarded for any other claim. You may not award the same damages twice. For example, if you have awarded recruitment fees under another claim, you may not award those same fees under this claim.

With these instructions in mind, please indicate below the damages you award for this claim (if any) that are not duplicative of damages awarded under any other claim:

    1.  **Luis Gomez-Echeverria**

        a.  Economic damages incurred as a result of Defendants' wrongful conduct:

        $ _____∅_____

        b.  Noneconomic damages for physical injury, pain and suffering, and mental

        anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

        $ _____∅_____

    2.  **Hervil Gomez-Echeverria**

        a.  Economic damages incurred as a result of Defendants' wrongful conduct:

        $ _____∅_____

        b.  Noneconomic damages for physical injury, pain and suffering, and mental

        anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

        $ _____∅_____

3. **Darwin Joel Fuentes Perez**

    a. Economic damages incurred as a result of Defendants' wrongful conduct:

      $ 

    b. Noneconomic damages for physical injury, pain and suffering, and mental anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

      $ 

4. **Artemio Coronado Esteban**

    a. Economic damages incurred as a result of Defendants' wrongful conduct:

      $ 

    b. Noneconomic damages for physical injury, pain and suffering, and mental anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

      $ 

5. **Leonel Lopez y Lopez**

    a. Economic damages incurred as a result of Defendants' wrongful conduct:

      $ 

    b. Noneconomic damages for physical injury, pain and suffering, and mental anguish that plaintiff has suffered as a result of Defendants' wrongful conduct:

      $

## COUNT THREE: FAIR LABOR STANDARDS ACT ("FLSA")

**Luis Gomez-Echeverria against Purpose Point Harvesting LLC ("Purpose Point"), Emilto Moreno Gomez, and Lucille Moreno**

I. **Purpose Point – FLSA**

Do you find from a preponderance of the evidence that Defendant PURPOSE POINT failed to pay the Plaintiff minimum wage for all hours worked by Plaintiff during one or more workweeks in 2019, during which Plaintiff was an employee of Purpose Point engaged in commerce or in the production of goods for commerce?

Luis Gomez-Echeverria          YES  ✗          NO _____

II. **Emilto ("Milton") Moreno Gomez – FLSA**

Do you find from a preponderance of the evidence that Defendant EMILTO MORENO GOMEZ failed to pay Plaintiff minimum wage for all hours worked by the Plaintiff during one or more workweeks in 2019, during which Plaintiff was an employee of Purpose Point engaged in commerce or in the production of goods for commerce?

Luis Gomez-Echeverria          YES  ✗          NO _____

III. **Lucille Moreno – FLSA**

Do you find from a preponderance of the evidence that Defendant LUCILLE MORENO failed to pay Plaintiff minimum wage for all hours worked by the Plaintiff during one or more workweeks in 2019, during which Plaintiff was an employee of Purpose Point engaged in commerce or in the production of goods for commerce?

Luis Gomez-Echeverria          YES  ✗          NO _____

*If you answered "**YES**" for Plaintiff on **Count Three, Section I, II, or III**, please proceed to answer the below questions for Plaintiff. If you did not, please do not proceed to answer the below questions for Plaintiff, and proceed to the next Claim on **page 13**.*

## IV.    Compensatory Damages – FLSA

If you find that Defendants failed to reimburse Luis Gomez-Echeverria for inbound travel, visa, recruitment, and related expenses during the first workweek of employment, you are to determine the amount of damages owed to him for this violation.

For example, if you assume Luis worked 9.25 hours in the first workweek of 2019, was paid $125.25 for that workweek, and was not repaid the $2500 recruitment fee, then he would be owed $2,441.81 as follows:
$2500 + (9.25 hours * $7.25/hour) - $125.25 = $2,441.81

Please enter the total amount of compensatory damages you award (if any) to Plaintiff for Defendants' violation of the Fair Labor Standards Act. (Note: Even if you have already assigned damages on another claim, please enter the damages you would award just for this claim.):

**Luis Gomez-Echeverria**                          $ 

Now consider the amount of compensatory damages awarded above (if any) in light of the compensatory damages awarded for any other claim. You may not award the same damages twice. For example, if you have awarded recruitment fees under another claim, you may not award those same fees under this claim.

With these instructions in mind, please indicate below the damages you award for this claim (if any) that are not duplicative of damages awarded under any other claim:

**Luis Gomez-Echeverria**                          $ 

## V.    Liquidated Damages – FLSA

What amount of liquidated damages do you award to Plaintiff from Defendants? (This amount is typically equal to the unpaid wages.)

**Luis Gomez-Echeverria**                          $ 

## COUNT FOUR: MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT ("WOWA")

**Luis Gomez-Echeverria and Darwin Joel Fuentes Perez against Purpose Point Harvesting LLC ("Purpose Point"), Emilto Moreno Gomez, and Lucille Moreno**

I. **Purpose Point – WOWA**

Do you find from a preponderance of the evidence that Defendant PURPOSE POINT failed to pay Plaintiff(s) the required Michigan mandatory minimum hourly wage rate for all hours worked by the Plaintiff(s) during one or more workweeks in 2019, causing Plaintiff(s) to suffer damages?

Luis Gomez-Echeverria          YES __✗__    NO _____

Darwin Joel Fuentes Perez      YES __✗__    NO _____


II. **Emilto ("Milton") Moreno Gomez – WOWA**

Do you find from a preponderance of the evidence that Defendant EMILTO MORENO GOMEZ failed to pay Plaintiff(s) the required Michigan mandatory minimum hourly wage rate for all hours worked by the Plaintiff(s) during one or more workweeks in 2019, causing Plaintiff(s) to suffer damages?

Luis Gomez-Echeverria          YES __✗__    NO _____

Darwin Joel Fuentes Perez      YES __✗__    NO _____


III. **Lucille Moreno – WOWA**

Do you find from a preponderance of the evidence that Defendant LUCILLE MORENO failed to pay Plaintiff(s) the required Michigan mandatory minimum hourly wage rate for all hours worked by the Plaintiff(s) during one or more workweeks in 2019, causing Plaintiff(s) to suffer damages?

Luis Gomez-Echeverria          YES __✗__    NO _____

Darwin Joel Fuentes Perez      YES __✗__    NO _____

*If you answered "YES" for any Plaintiff(s) on **Count Four, Section I, II, or III**, please proceed to answer the below questions for that Plaintiff(s). If you did not, please do not proceed to answer the below questions for Plaintiff(s), and proceed to the next Claim on **page 15.***

## VI.   Compensatory Damages – WOWA

If you find that Defendants failed to reimburse Luis Gomez-Echeverria and Darwin Joel Fuentes Perez for inbound travel, visa, recruitment, and related expenses during the first workweek of employment, you are to determine the amount of damages owed to them for this violation.

For example, if you assume Luis worked 9.25 hours in the first workweek of 2019, was paid $125.25 for that workweek, and was not repaid the $2500 recruitment fee, then he would be owed $2,462.16 as follows:
$2500 + (9.25 hours * $9.45/hour) - $125.25 = $2,462.16

Please enter the total amount of compensatory damages you award (if any) to Plaintiff for Defendants' violation of the Michigan Workforce Opportunity Wage Act. (Note: Even if you have already assigned damages on another claim, please enter the damages you would award just for this claim.):

1. **Luis Gomez-Echeverria**     $  2,462.16

2. **Darwin Joel Fuentes Perez**     $  2,462.16

Now consider the amount of compensatory damages awarded above (if any) in light of the compensatory damages awarded for any other claim. You may not award the same damages twice. For example, if you have awarded recruitment fees under another claim, you may not award those same wages under this claim.

With these instructions in mind, please indicate below the damages you award for this claim (if any) that are not duplicative of damages awarded under any other claim:

1. **Luis Gomez-Echeverria**     $  0

2. **Darwin Joel Fuentes Perez**     $  0

**COUNT FIVE: BREACH OF CONTRACT**

**All Plaintiffs against Purpose Point Harvesting LLC ("Purpose Point"), Emilto Moreno Gomez, and Lucille Moreno**

I.    **Purpose Point – Breach of Contract**

Do you find from a preponderance of the evidence that Defendant PURPOSE POINT breached a contract between it and Plaintiffs, and that Plaintiffs suffered damages as a result?

| | | |
|---|---|---|
| Luis Gomez-Echeverria | YES ✗ | NO _____ |
| Hervil Gomez-Echeverria | YES ✗ | NO _____ |
| Darwin Joel Fuentes Perez | YES ✗ | NO _____ |
| Artemio Coronado Esteban | YES ✗ | NO _____ |
| Leonel Lopez y Lopez | YES ✗ | NO _____ |

II.    **Emilto ("Milton") Moreno Gomez – Breach of Contract**

Do you find from a preponderance of the evidence that Defendant EMILTO MORENO GOMEZ breached a contract between him and Plaintiffs, and that Plaintiffs suffered damages as a result?

| | | |
|---|---|---|
| Luis Gomez-Echeverria | YES ✗ | NO _____ |
| Hervil Gomez-Echeverria | YES ✗ | NO _____ |
| Darwin Joel Fuentes Perez | YES ✗ | NO _____ |
| Artemio Coronado Esteban | YES ✗ | NO _____ |
| Leonel Lopez y Lopez | YES ✗ | NO _____ |

### III.    Lucille Moreno – Breach of Contract

Do you find from a preponderance of the evidence that Defendant LUCILLE MORENO breached a contract between her and Plaintiffs, and that Plaintiffs suffered damages as a result?

| | | |
|---|---|---|
| Luis Gomez-Echeverria | YES ✗ | NO _____ |
| Hervil Gomez-Echeverria | YES ✗ | NO _____ |
| Darwin Joel Fuentes Perez | YES ✗ | NO _____ |
| Artemio Coronado Esteban | YES ✗ | NO _____ |
| Leonel Lopez y Lopez | YES ✗ | NO _____ |

*If you answered "**YES**" for **any** Plaintiff(s) on **Count Five, Section I, II, or III**, please proceed to answer the below questions for that Plaintiff(s). If you did not, please do not proceed to answer the below questions for that Plaintiff(s), and proceed to the Counterclaim on **page 18.***

### IV.    Compensatory Damages – Breach of Contract

Please enter the total amount of compensatory damages you award (if any) to each Plaintiff for Defendants' breach of contract. (Note: Even if you have already assigned damages on another claim, please enter the damages you would award just for this claim.):

1. **Luis Gomez-Echeverria**        $ 3,000.00

2. **Hervil Gomez-Echeverria**      $ 1,500.00

3. **Darwin Joel Fuentes Perez**    $ 3,000.00

4. **Artemio Coronado Esteban**     $ 2,000.00

5. **Leonel Lopez y Lopez**         $ 2,000.00

16

Now consider the amount of compensatory damages awarded above (if any) in light of the compensatory damages awarded for any other claim. You may not award the same damages twice. For example, if you have awarded recruitment fees under another claim, you may not award those same fees under this claim.

With these instructions in mind, please indicate below the damages you award for this claim (if any) that are not duplicative of damages awarded under any other claim:

1. **Luis Gomez-Echeverria**        $ ⊖

2. **Hervil Gomez-Echeverria**      $ ⊖

3. **Darwin Joel Fuentes Perez**    $ ⊖

4. **Artemio Coronado Esteban**     $ ⊖

5. **Leonel Lopez y Lopez**         $ ⊖

17

## DEFENDANT'S COUNTERCLAIM

### COUNT ONE: BREACH OF CONTRACT

**Purpose Point Harvesting LLC ("Purpose Point") against Luis Gomez-Echeverria and Hervil Gomez-Echeverria**

**I.    Luis Gomez-Echeverria**

Do you find from a preponderance of the evidence that Counter-Defendant LUIS GOMEZ-ECHEVERRIA breached a contract between him and Purpose Point, and that Purpose Point suffered damages as a result?

Purpose Point                    YES _____    NO ⤫

**II.    Hervil Gomez-Echeverria**

Do you find from a preponderance of the evidence that Counter-Defendant HERVIL GOMEZ-ECHEVERRIA breached a contract between him and Purpose Point, and that Purpose Point suffered damages as a result?

Purpose Point                    YES _____    NO ⤫

*If you answered "**YES**" for Counter-Plaintiff on **Counterclaim One, Section I or II**, please proceed to answer the below questions. If you did not, please do not proceed to answer the below questions, and proceed to the next page.*

**III.    Compensatory Damages – Breach of Contract**

Please enter the total amount of compensatory damages you award (if any) to Counter-Plaintiff Purpose Point for Counter-Defendants' breach of contract, as well as the percentage of those damages being awarded against each counter-defendant [NOTE: percentages must add to 100%]:

**Purpose Point**                    $ _____⊖_____

a.  Percent of damages attributable to Luis Gomez-Echeverria:    _____ %

b.  Percent of damages attributable to Hervil Gomez-Echeverria:   _____ %

Dated this _____ day of June, 2025.



_____

**Jury Foreperson**

Is it ok that a smoker

takes a smoke break?

5 - 10 minute break

May we please have
a verdict form for each
person?

We need 6 more copies?

Foreperson

Dear Jurors:

Due to the hour of the day, you may either continue deliberating if you believe it will be useful in view of reaching a verdict or you can come back Monday morning to resume deliberations. If you choose to continue deliberating we will order dinner. Please discuss among yourselves which you would prefer.

This note has no intention whatsoever of prompting a verdict or hurrying your deliberation process.

Judge Beckering

_____ We want to continue deliberating

or

_____ We prefer to recess for the weekend

Dated: 6/6/25                              Signed

                                                          Foreperson

Is it possible to allow 3 jurists to call family to let them know we are staying?

Also need a smoke break for 1 person

Dear Jurors:

I received your request to allow 3 jurists to call family to let them know that you will be staying.

On a separate piece of paper, please identify which jurors would like a call made and provide the contact information for the respective family members.

Court staff will notify the individuals identified.

Please return this communication and the list to one of the Court Security Officers.

Thank you.


Judge Beckering

Dear Jurors:


Court staff spoke with or left voicemails for the family members you identified on your list.

A voicemail was left at the phone number identified by the juror in seat 5. Later, we received a voicemail from that number indicating it was the wrong number.

Juror in seat 5, please review the phone number on the list and make any corrections.

Please return this communication and the list to one of the Court Security Officers.

Thank you.


Judge Beckering

Juror #5 - Richard

said that is ok.

No further action required.

May our smoker have another smoke break?

We have reached
a verdict.