UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS GOMEZ-ECHEVERRIA, et al.,

    Plaintiffs,

v.

PURPOSE POINT HARVESTING, LLC, et al.,

    Defendants.
_____/

Case No. 1:22-cv-314

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

On the final day of an eight-day jury trial in this case, a jury found Defendants liable for forced labor and wage theft (ECF No. 307). On June 12, 2025, the Court entered Judgment in a total amount of $570,256.34 (inclusive of pre-judgment interest) plus post-judgment interest (ECF No. 309). Pursuant to the Federal Rules of Civil Procedure, that Judgment was stayed automatically for 30 days through Monday, July 14. FED. R. CIV. P. 62(a). On July 9, 2025, Defendants moved to stay enforcement of the Judgment without bond, or, in the alternative, with "an alternative form of security," for an unspecified period of time (ECF No. 318). Plaintiffs filed a response in opposition (ECF No. 327). For the following reasons, the Court denies the motion.

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." FED. R. CIV. P. 62(a). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.* Notwithstanding the "mandatory language" of the Rule requiring security, *Fed. Home Loan Mortg. Co. v. Lamie*, No. 1:11-cv-577, 2014 WL 125881, at *2 (W.D. Mich. Jan 14, 2014), courts have construed the requirement to be discretionary, *Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL

3908616, at *1 (E.D. Mich. Oct. 1, 2010). The Sixth Circuit in *Arban v. West Publishing Corporation* held that waiver of the bond requirement is appropriate where the court is confident that the judgment debtor has adequate financial resources to satisfy the judgment. 345 F.3d 390, 409 (6th Cir. 2003). The Sixth Circuit has not set forth a specific test for an unsecured stay and has not opined whether an unsecured stay may be appropriate in other circumstances. That said, in addition to cases "[w]here the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," courts in the Sixth Circuit have also waived the security requirement "[w]here the requirement would put the defendant's other creditors in undue jeopardy." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998) (quoting *Olympia Equip. Leasing Co. v. W. Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). "The party seeking a waiver of the bond requirement bears the burden of demonstrating that the judgment is not at risk." *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, 2021 WL 1526277, at *2 (citing *Hamlin*, 181 F.R.D. at 353).

Defendants seek a stay of execution of the Judgment, but they have not provided a bond. Defendants' primary argument is that an unsecured stay "is necessary to preserve their ability to seek meaningful appellate review without financial ruin" (ECF No. 318-1). According to the declaration of Defendant Lucille Moreno, owner of Defendant Purpose Point Harvesting, LLC ("Purpose Point"), she inquired about securing a bond and "was informed that 100–125% collateral will be required to be posted to the surety in the form of a cashiers check" (Lucille Moreno Decl., ECF No. 318-2 ¶ 5, citing "Exhibit 1," which was not attached). She states that neither she nor Purpose Point "have sufficient assets to afford the collateral to secure the surety bond" (*id.* ¶¶ 6–7). And neither she nor Purpose Point "own significant liquid assets or property that could be sold or leveraged to satisfy the judgment without endangering" her home and livelihood and/or Purpose

Point's basic operations (*id.* ¶¶ 8–9). In addition, according to the declaration of Defendant Emilto Moreno, he also does not "have sufficient assets to satisfy the judgment" (Emilto Moreno Decl., ECF No. 318-3 ¶ 3).

This situation is the opposite of one where it would be appropriate to waive the security requirement. *See Murphy v. Vaive Wood Prods. Co.*, No. 2:17-cv-11513, 2019 WL 10888762, at *2 (E.D. Mich. Nov. 22, 2019) (noting that defendant's financial situation justifies waiving the full bond requirement only when defendant is "so clearly *able* to pay the judgment that the bond is wasteful") (emphasis added). [1] Defendants make it impossible for the Court have confidence in their ability to satisfy the Judgment and they make no argument about the impact of execution of the Judgment on their other creditors, if any. Moreover, to the extent that the Court would consider additional factors set forth in the non-binding authority to which Defendants cite (ECF No. 318-1 at PageID.8824), again, because Defendants have themselves undermined the Court's confidence in their ability to pay and because they provide no evidence of their financial situation or relationship to other creditors, the Court would reach the same conclusion.

---

[1] In *Murphy*, the court denied a motion to stay bond because a $48,770.25 judgment constituted a significant percentage of the moving party's assets and revenue of $2–2.5 million annually. Here, Defendants have submitted virtually no evidence of their assets or the revenue of their business other than Defendant Emilto Moreno's statement that he earns $93,600 per year working for Purpose Point (Emilto Moreno Decl. ¶ 2). Therefore, the Court cannot verify Defendants' conclusory statements that they cannot afford a bond or to satisfy the judgment without upheaval to their lives and/ or business operation and the Court cannot independently compute whether the amount of the Judgment is a significant percentage of Defendants' assets and revenue. "[A] blanket assertion is insufficient" to establish financial status, even where defendants claim financial ability to satisfy the judgment. *Am. Furukawa, Inc. v. Hossain*, No. 14-13633, 2017 WL 9719047, at *3 (E.D. Mich. Nov. 22, 2017); *see also Gould*, 2021 WL 1526277, at *4 ("In instances where courts have granted waivers of the bond requirement, the moving party has submitted concrete evidence establishing its financial ability to satisfy the judgment."). On this independent basis, Defendants' motion is properly denied.

3

The Court turns to the amount of the bond that it will require. As noted, the Court entered judgment in an amount of $570,256.34 (including prejudgment interest). Defendants have filed a motion for a new trial (ECF No. 311) and they indicate their intent to file an appeal, should their motion for a new trial be denied (ECF No. 318-1 at PageID.8823). Pursuant to 28 U.S.C. § 1961, post-judgment interest accrues at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding … the date of the judgment." 28 U.S.C. § 1961(a). Interest is computed daily and compounded annually. *Id.* § 1961(b). For the Judgment entered on June 12, 2025, the relevant interest rate is 4.1%. *See, e.g.*, United States Bankruptcy Court Southern District of California, "Post-Judgment Interest Rates – 2025," https://perma.cc/EL2T-VA5C. Under these circumstances, the Court finds that a satisfactory bond is the total amount of the judgment plus post-judgment interest for two years at this rate.

The Court acknowledges that, generally, a satisfactory bond covers the full amount of requested attorneys' fees and costs in addition to the judgment and interest. *See, e.g., Van Hoven v. Buckles & Buckles, P.L.C.*, No. 1:14-cv-60, 2019 WL 12498039, at *1 (W.D. Mich. Jan. 17, 2019) (collecting cases). But the Court is vested with the discretion to decline to include fees in the required amount of the bond. *See United States v. Gen. Elec. Co.*, 397 F. App'x 144, 151 (6th Cir. 2010) ("courts have inherent power … to provide for a bond in a lesser amount" than even the amount necessary to "permit satisfaction of the judgment in full") (quoting 11 Charles Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2905 (4th ed. 2008)). In this case, Plaintiffs seek just under $5 million in attorneys' fees and costs in a motion that remains pending (ECF No. 314). Defendants filed a thorough response in opposition. The Court will not decide Plaintiffs' motion for attorneys' fees and costs in this Opinion. However, the Court notes

4

that Defendants' arguments in the response (ECF No. 325), if ultimately determined to be legitimate and well-founded, may support a very substantial reduction to the applied-for fee award. With the eventual fee award so variable and contested, at this juncture, the Court will not require that the amount of bond be sufficient to cover any portion of the requested attorneys' fees and costs.

Finally, the Court notes that Defendants briefly "request the ability to post an alternative form of security" (ECF No. 318-1 at PageID.8821). But Defendants do not identify what "alternative form of security" they would offer or make any showing why such security would be adequate, and therefore this request entirely lacks merit.

Accordingly:

**IT IS HEREBY ORDERED** that the motion to stay enforcement of Judgment (ECF No. 318) is DENIED.

Dated: August 14, 2025   /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge