UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS GOMEZ-ECHEVERRIA, et al.,

    Plaintiffs,

v.

PURPOSE POINT HARVESTING, LLC, et al.,

    Defendants.
_____/

Case No. 1:22-cv-314

HON. JANE M. BECKERING

## OPINION AND ORDER

On March 31, 2022, several migrant workers initiated this labor law case against a farm labor contracting company. The Court held an eight-day trial. A jury issued a verdict for the migrant workers. Now pending before the Court is the farm labor contracting company's motion for a new trial (ECF No. 311). The Court will deny the motion for the reasons stated below.

### I.  BACKGROUND

#### A.  Factual Background

Plaintiffs Luis Gomez-Echeverria, Hervil Gomez-Echeverria, Julio Caesar Gomez Moreno, Darwin Joel Fuentes Perez, Artemio Coronado Esteban, and Leonel Lopez Y Lopez ("Plaintiffs") brought this action against Defendants Purpose Point Harvesting, LLC ("Purpose Point"), Emilto Moreno Gomez, and Lucille Jean Moreno (collectively "Defendants") for legal violations related to Plaintiffs' employment with Purpose Point. Purpose Point is a farm labor contracting company that provides seasonal workers to a number of farms throughout Michigan. Plaintiffs are citizens of Guatemala who were recruited to work at Purpose Point through the H-

2A temporary agricultural worker visa program. Plaintiffs filed a complaint alleging that Purpose Point required Plaintiffs to pay an illegal recruitment fee to work with Defendants and that their passports and Social Security cards were forcibly taken from them upon arrival in the United States. Plaintiffs also alleged that they were not paid for all the hours they worked during their employment with Purpose Point. Plaintiffs brought causes of action under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 et seq.; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; the Michigan Workforce Opportunity Wage Act, MICH. COMP. LAWS. § 408.411 et seq.; the Michigan Human Trafficking Victims Compensation Act, MICH. COMP. LAWS. § 752.981; and state contract law (*see* Second Amend. Compl., ECF No. 56).

### B. Procedural Posture

The Court held an eight-day jury trial that commenced on May 28, 2025. The jury found for Plaintiffs and awarded them $555,000 plus prejudgment interest (Judgment, ECF No. 309). On June 26, 2025, Defendants moved for a new trial under Federal Rule of Civil Procedure 59(a). Plaintiffs filed a response in opposition on July 10, 2025. Having considered the parties' submissions, the Court concludes that oral argument is unnecessary to resolve the issues presented. *See* W.D. Mich. LCivR 7.2(d).

## II. ANALYSIS

### A. Motion Standard

Federal Rule of Civil Procedure 59 provides, in pertinent part, that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party" for "any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). The Sixth Circuit has interpreted the language of Rule 59(a) to mean that "a new trial is warranted when a jury has reached a 'seriously erroneous' result as evidenced by: (1) the verdict

2

being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 606 (6th Cir. 2018) (quoting *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045–46 (6th Cir. 1996)). "The decision to grant or deny a motion for new trial lies within the trial court's discretion." *EEOC v. New Breed Logistics,* 783 F.3d 1057, 1065 (6th Cir. 2015). An abuse of discretion occurs when a court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *Smith for Schwartz v. Woolace Elec. Corp.*, 822 F. App'x 409, 413 (6th Cir. 2020).

### B. Discussion

Defendants' motion advances five reasons for a new trial: (1) "inconsistent or compromise verdicts"; (2) "improper conduct by Plaintiffs' counsel"; (3) "improper exclusion of rebuttal witnesses and improper limitations placed on cross-examination";[1] (4) "disparate treatment of remote testimony"; and (5) "Plaintiff Luis Gomez-Echeverria's testimony was unduly prejudicial" (ECF No. 311-1 at PageID.8534–8542). Defendants also argue that—even if none of these arguments alone justify the grant of a new trial—the "cumulative error" presented by these issues taken together entitles Defendants to the relief they seek (ECF No. 311-1 at PageID.8542). For the reasons explained more fully below, and after careful consideration of the parties' submissions, the Court concludes Defendants have failed to establish that the jury reached a "seriously erroneous" result or that a new trial is justified. *See Mosby-Meachem*, 883 F.3d at 606.

---

[1] Defendants' sole reference to "improper limitations placed on cross-examination" is in an argument header (*see* Mot., ECF No. 311-1 at PageID.8539; Opp., ECF No. 320 at PageID.8842 n.3). This argument has been waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"—"it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones") (cleaned up).

### 1. The Jury Did Not Reach an Inconsistent or Compromise Verdict

Defendants argue that "a review of the jury's verdict form shows" that "the verdict was so disproportionate as to violate due process, and the jury's punitive damage award was not commensurate with actual harm suffered by the Plaintiffs" (Mot., ECF No. 311-1 at PageID.8536). The Court has reviewed the economic and punitive damages awarded by the jury. Defendants have not identified any relevant, binding authority suggesting that the amount awarded is not "reasonable and proportionate to the amount of harm to the plaintiff[s] and to the general damages recovered." *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003) (providing standard). To the extent Defendants could have identified such authority, they have now waived that opportunity. *See McPherson*, 125 F.3d at 995–96.

"[I]nfliction of economic injury, especially when done intentionally through affirmative acts of misconduct, or when the target is financially vulnerable, can warrant a substantial penalty." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 576 (1996) (citation omitted). Plaintiffs have marshaled extensive evidence from the trial record establishing the propriety of the punitive damages awarded given "(1) the degree of reprehensibility of the conduct; (2) the disparity between the harm suffered . . . and the punitive damages award; and (3) the difference between the punitive damages and the civil penalty imposed in comparable cases." *See* Opp., ECF No. 320 at PageID.8837–8839 (quoting *Gibson v. Moskowitz*, 523 F.3d 657, 664 (6th Cir. 2008)).

To the extent Defendants argue that the jury should not have awarded punitive damages in the absence of non-economic compensatory damages, Defendants have failed to identify relevant, binding authority supporting that argument (*see* Mot., ECF No. 311-1 at PageID.8546). Plaintiffs, on the other hand, identify Supreme Court and Sixth Circuit case law indicating that a jury may properly award punitive damages in cases that otherwise involve solely economic, rather than non-

4

economic, damages (*see, e.g.,* Opp., ECF No. 320 at PageID.8836 (citing *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 532 (1999) (noting that punitive damages may be awarded in addition to back pay without relevant discussion of non-economic damages); *Anderson v. Wade*, 33 F. App'x 750, 761 (6th Cir. 2002) (affirming punitive damages award in a case involving economic rather than non-economic damages); *Polek v. Grand River Nav.*, 872 F. Supp. 2d 582, 585, 592 (E.D. Mich. 2012) (concluding that punitive damages awarded were not excessive given the economic damages awarded for lost wages)).

In short, Defendants have failed to show the jury reached a "seriously erroneous" result, and the Court declines to grant a new trial or remittitur on this basis and for the reasons noted in the opposition. *See Mosby-Meachem*, 883 F.3d at 606; *Glowacki v. O'Reilly Auto Enters., LLC*, No. 1:21-CV-868, 2023 WL 8642549, at *9 (W.D. Mich. Dec. 14, 2023) ("A remittitur should be granted only if the award clearly exceeds the amount which, under the evidence in the case, was the maximum that the jury reasonably could find to be compensatory for the plaintiff's loss.").

### 2. The Conduct of Plaintiffs' Counsel Does Not Justify a New Trial

Defendants next attempt to relitigate the Court's denial of their previous motion for mistrial (*see* Trial Tr., ECF No. 288 at PageID.7249–7254 (citing *Zuern v. Tate*, 336 F.3d 478, 485 (6th Cir. 2003)); Mot. for Mistrial, ECF No. 283; Opp. to Mot. for Mistrial, ECF No. 286). Defendants argue that a short series of questions posed by Plaintiffs' counsel regarding the presence at trial of Plaintiff Luis Gomez-Echeverria's ex-partner, with whom he shares children, "create[ed] a spectacle" in front of the jury and gave the impression that Defendants were intimidating Gomez-Echeverria (*see* Mot., ECF No. 311-1 at PageID.8536–8538). Plaintiffs' counsel, in relevant part, asked Gomez-Echeverria if his ex-partner's presence in the courtroom put "pressure" on him or

5

made him fear for "the safety of his children" (*id.*).[2]  Defendants argue that this line of questioning "unfairly prejudiced" Defendants to the extent that a new trial is required (*id.* at PageID.8536–8537 (quoting *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 312 (6th Cir. 2016))).  Defendants are wrong for the reasons stated by the Court on the record in denying their motion for mistrial and for the reasons outlined below.

First, Defendants cite no analogous case law indicating that the questions posed by Plaintiffs' counsel warrant a new trial (*see* Mot., ECF No. 311-1 at PageID.8536–8538).  In the sole case cited by Defendants, the Sixth Circuit affirmed a district court's order denying a motion for new trial.  *See Smith,* 813 F.3d at 312–315.  Defendants have now waived the opportunity to identify relevant authority.  *See McPherson*, 125 F.3d at 995–96.

Second, the Court must consider "the totality of the circumstances, including the nature of the [disputed] comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case . . . and the verdict itself."  *See Smith,* 813 F.3d at 312.  The Court finds, based on the record and the Court's observations at trial, that the questions regarding Gomez-Echeverria's ex-partner were isolated and did not "consistently permeate" the trial.  *See id.*  Furthermore, given the curative measures adopted by the Court in consultation with the parties, the "manner in which the parties and the [C]ourt treated" those questions, *see id.*, establish that the questioning could not have

---

[2] Defendants' counsel questioned Gomez-Echeverria about his ex-partner at his deposition, posing personal questions to the point that Gomez-Echeverria broke down in tears (*see* Dep. of Luis Gomez-Echeverria, ECF No. 286-1 at PageID.7216–7224).  Plaintiffs' counsel objected to the "harass[ment] and intimidat[ion]," Defendants' counsel retorted that he should "stop the deposition and file for a protective order," but Plaintiffs' counsel noted that Gomez-Echeverria had "made a big trip to get here today" and if "we have to stop the deposition, it would be a hardship to restart it" (*id.* at PageID.7218).  When Gomez-Echeverria later saw his ex-partner in the gallery at trial, he became visibly agitated (Trial Tr., ECF No. 282 at PageID.7032).

6

caused the "high level of prejudice necessary to overturn the jury's verdict" in light of the "strength of the case . . . and the verdict itself." *See Balsley v. LFP, Inc.*, 691 F.3d 747, 766 (6th Cir. 2012).

Third, Defendants' argument omits necessary context. *See United States v. Hart*, 70 F.3d 854, 858 (6th Cir. 1995) (noting in the context of evidentiary rulings that because "the district court observes the trial first hand, it is in the best position to assess the impact of the testimony within the context of the proceedings"). As the Court previously explained on the record, Plaintiffs "have marshaled strong circumstantial evidence indicating that the ex-partner's presence in the gallery was an attempt by defendants to harass plaintiff Luis [Gomez-Echeverria]," and thus any damage caused by the ex-partner's presence represented a "self-inflicted wound." *See* Trial Tr., ECF No. 288 at PageID.7251–7252; *Harvis v. Roadway Exp. Inc.*, 923 F.2d 59, 60 (6th Cir. 1991) ("The doctrine of 'invited error' refers to the principle that a party may not complain on appeal of errors that he himself invited or provoked the court or the opposite party to commit.").

For these reasons, and for the reasons stated in Plaintiffs' opposition papers (Opp., ECF No. 321 at PageID.8840–8842), the Court concludes that the disputed conduct by Plaintiffs' counsel does not entitle Defendants to a new trial.

### 3. The Court Did Not Impermissibly Exclude or Limit Testimony

Defendants next argue, without any citation to relevant authority, that the Court erred by excluding testimony from "dozens" of non-party migrant workers regarding whether, to paraphrase in relevant part, Defendants violated the law with respect to those witnesses in the same way that Defendants violated the law with respect to Plaintiffs (*see* Mot., ECF No. 311-1 at PageID.8539–8540). This argument fails because the modest constraints imposed by the Court under Federal Rule of Evidence 403—excluding testimony from individuals who lacked "personal knowledge of any events at issue in this case" (*see* Order on MILs, ECF No. 219 at PageID.5748–

5749)—properly ensured that Defendants did not present irrelevant, inadmissible, and cumulative evidence that would give rise to trials within a trial. *See United States v. Majors*, 852 F. App'x 956, 961 (6th Cir. 2021) ("The district court has 'broad discretion to place limits' on testimony 'to prevent delay, waste of time, and needless presentation of cumulative evidence.'") (quoting *Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997)).

Furthermore, Defendants again omit relevant context. *See Hart*, 70 F.3d at 858 (noting in the context of evidentiary rulings that "the district court observes the trial first hand, it is in the best position to assess the impact of the testimony within the context of the proceedings"). Defendants initially listed eighty witnesses on its "may-call" witness list, many of whom were non-party migrant workers (*see, e.g.,* Opp., ECF No. 320 at PageID.8843). Defendants then narrowed this list to thirteen potential witnesses before electing to call five of them at trial (*id.*). Defendants did not subsequently ask the Court for permission to call additional witnesses (*id.*).

At their request, the Court permitted Defendants to call witnesses who had worked "with the plaintiffs and in the housing with the plaintiffs, and in a van with the plaintiffs, or commuting with the plaintiffs, on machines with the plaintiffs, going to the store with the plaintiffs, going to the bank with the plaintiffs," i.e. relevant witnesses with personal knowledge related to the case (*see* Trial Tr., ECF No. 282 at PageID.7021–7022). For these reasons, and for the reasons stated in detail in Plaintiffs' opposition (*see* Opp., ECF No. 320 at PageID.8842–8845), Defendants fail to identify grounds for a new trial. *See Mosby-Meachem*, 883 F.3d at 606.

### 4. Defendants' Arguments Regarding Remote Testimony Fail

Defendants make a cursory argument, without citation to any relevant case law or binding authorities, that the Court erred by permitting Plaintiffs to testify remotely from Guatemala while declining to permit certain defense witnesses from testifying remotely (*See* Mot., ECF No. 311-1

8

at PageID.8541). In contrast, as Plaintiffs explain in detail in their opposition, Plaintiffs met the requirements for remote testimony under the Federal Rules of Civil Procedure, whereas Defendants did not establish good cause for remote testimony (*see* Opp., ECF No. 320 at PageID.8845–8846). Again, Defendants fail to establish grounds for a new trial. *See Mosby-Meachem*, 883 F.3d at 606.

### 5. Defendants' Attempt to Relitigate Their Mistrial Motion Lacks Merit

Defendants repeat their arguments regarding the questions posed by Plaintiffs' counsel regarding the presence of Plaintiff Gomez-Echeverria's ex-partner in the courtroom at trial, arguing that the Court erred in denying Defendants' motion for a mistrial (*see* Mot., ECF No. 311-1 at PageID.8541–8542). This argument fails for the reasons previously stated at trial, in this Order, and for the reasons stated in Plaintiffs' opposition. *See, e.g., Savage v. United States*, 102 F. App'x 20, 23 (6th Cir. 2004) ("A motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, shall be denied."); W.D. Mich. LCivR 7.4(a) (limiting motions for reconsideration to those that can identify a "palpable defect" in a court's prior ruling); Opp., ECF No. 320 at PageID.8846–8847.

### 6. Defendants Have Not Identified Cumulative Error Justifying a New Trial

Defendants argue that—even if none of the purported errors identified above establish their entitlement to relief—nonetheless, taken together, these issues represent "cumulative error" that requires the grant of a new trial (Mot., ECF No. 311-1 at PageID.8542). This argument fails because Defendants have not identified any error, much less "prejudicial error" that "has materially influenced [the] jury's verdict" such that "failure to grant a new trial would be inconsistent with substantial justice." *See Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004).

Defendants have not demonstrated their entitlement to a new trial under Federal Rule of Civil Procedure 59(a).

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for a New Trial (ECF No. 311) is DENIED.

This case remains closed.


Dated:  November 10, 2025                              /s/ Jane M. Beckering
                                                                        JANE M. BECKERING
                                                                        United States District Judge